■ LILLY A. MUNNICH et al., Respondents, v BELLMORE DOG GROOMING et al., Appellants, et al., Defendant. [608 NYS2d 270] —In an action to recover damages for personal injuries, etc., the defendants Bellmore Dog Grooming, William Schaardt, and the County of Nassau appeal from an order of the Supreme Court, Nassau County (Goldstein, J.), dated January 23, 1992, which denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against each of them.

Ordered that the order is affirmed, with one bill of costs.

On July 11, 1989, as the plaintiff Lilly Ann Munnich was walking her dog to the defendant Bellmore Dog Grooming (hereinafter Bellmore), located at 2095 Bellmore Avenue, she tripped and fell on the sidewalk abutting the adjoining property. This action was instituted against, *inter alia,* William Schaardt who is the owner of the abutting property, Bellmore which leases part of the premises, and the County of Nassau which owns the sidewalk. Bellmore, Schaardt and the County separately moved for summary judgment. The Supreme Court properly denied the motions.

While it is generally true that an owner of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in good repair *(see, Conlon v Village of Pleasantville,* 146 AD2d 736; *Lodato v Town of Oyster Bay,* 68 AD2d 904), an exception exists where the abutting owner or occupier uses the sidewalk for a special purpose *(see, Deans v City of Buffalo,* 181 AD2d 1015; *Du Pont v Town of Horseheads,* 163 AD2d 643), or fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner for his or her benefit *(see, Kiernan v Thompson,* 137 AD2d 957). The plaintiffs presented evidence that the difference in elevation between concrete flags created a defective condition which caused the plaintiff Lilly Ann Munnich to trip and fall. Although Schaardt denied that he installed the allegedly defective flag, the County, in opposition to that branch of his motion which was to dismiss its cross claims against him, presented contradictory evidence. A traffic technician employed by the County averred that someone who identified himself as the "Owner Bill" telephoned him and stated that as a result of complaints from customers about the accumulation of dog feces in the soil strip between the curb and the concrete sidewalk in front of the premises, he replaced the soil

strip with concrete. Thus, the County raised an issue of fact as to whether the sidewalk was modified for the benefit of Schaardt or Bellmore *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). The Supreme Court correctly found the existence of a triable issue of fact as to whether Schaardt or the County created the allegedly defective sidewalk condition. Accordingly, summary judgment was properly denied. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.