■ MARY WILLIAMS et al., Respondents, v SOUTHLAND CORP., Doing Business as 7-11 STORES, et al., Appellants. [613 NYS2d 184] —In an action to recover damages for personal injuries, etc., the defendant Southland Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 24, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and the defendant Times Mirror, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with one bill of costs.

On November 7, 1987, at approximately 9:30 A.M., the plaintiff Mary Williams suffered injuries when she fell in the parking lot of a 7-11 store owned by the defendant Southland Corp. (hereinafter Southland). The accident occurred when a yellow plastic strap wrapped around, and became entangled with, her ankles. Testimony adduced during pretrial discovery indicated, inter alia, that (1) this type of yellow plastic strap was utilized by the defendant Times Mirror, Inc. (hereinafter

Times Mirror) to secure its newspapers and comics, (2) an employee of Times Mirror made a delivery of papers to the 7-11 store around 5:00 A.M. and a delivery of comics around 9:00 A.M., (3) it was the duty of the Times Mirror delivery person to cut these straps and discard them in the garbage inside or outside the store, and (4) the yellow strap on the comics was generally loose enough to slip off without cutting.

This probative evidence created triable issues of fact as to (1) whether Times Mirror or its employee created a dangerous condition by failing to properly fasten the yellow strap on its comics or by failing to properly discard the yellow strap (see, Lewis v Metropolitan Transp. Auth., 64 NY2d 670, affg 99 AD2d 246, 249-250, on opn at App Div), and (2) whether the presence of the yellow strap was "visible and apparent * * * for a sufficient length of time prior to the accident to permit defendant [Southland's] employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).

Under these circumstances, the Supreme Court properly denied the separate motions of Southland and Times Mirror for summary judgment. Mangano, P. J., Thompson, O'Brien and Florio, JJ., concur.