■ Mary L. Arfield, Respondent, v Grand Union Company et al., Appellants, et al., Defendants. [618 NYS2d 238] —In an action to recover damages for personal injuries, the defendants Grand Union Company, Stony Point Associates, and H & G Salem Corporation separately appeal from an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 27, 1993, which granted the plaintiff's motion for reargument and renewal, and upon reargument and renewal, denied their motions for summary judgment dismissing the complaint, and adhered to the prior determination to dismiss the complaint insofar as asserted against the defendant Rejoe Maintenance, Inc., and the cross claims against it.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Contrary to the appellants' contentions, the Supreme Court properly determined, upon reargument and renewal, that they are not entitled to summary judgment. We note that triable issues of fact exist as to whether the appellant Grand Union Company caused or created the dangerous condition complained of by failing to properly dispose of plastic newspaper strapping material, and whether the presence of the strapping material was "visible and apparent * * * for a sufficient length of time prior to the accident" to permit the property owners' employees to discover and remedy it *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Williams v Southland Corp.,* 204 AD2d 717).

We further find that the Supreme Court did not err in adhering to its prior determination to grant summary judgment to the codefendant Rejoe Maintenance, Inc., since there is no evidence that Rejoe Maintenance, Inc., either performed its cleaning duties or was required to perform its cleaning duties on the date of the accident. Lawrence, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.