■ KATHLEEN MARTINEK et al., Respondents, v DELI BUTTON, INC., et al., Appellants. [618 NYS2d 74] —In an action to recover damages for personal injuries, etc., the defendant Deli Button, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Silverman, J.), dated June 10, 1993, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and the defendant Kornish Distributors, Inc., separately appeals, as limited by its brief, from so much of the

same order as denied its separate motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim against it.

Ordered that the order is reversed insofar as appealed from by Kornish Distributors, Inc., Kornish Distributors, Inc.'s cross motion to dismiss the complaint insofar as it is asserted against it and the cross claim against it is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by Deli Button, Inc.; and it is further,

Ordered that the defendant Kornish Distributors, Inc. is awarded one bill of costs payable by the plaintiffs and by the defendant Deli Button, Inc.

On December 7, 1991, at about 2:30 P.M. the plaintiff Kathleen Martinek tripped and fell in front of the defendant store Deli Button, Inc. (hereinafter Deli Button) when a plastic strap generally used to bundle newspapers allegedly became wrapped around her left foot. Martinek sustained serious injuries. The testimony adduced during pretrial discovery indicated, *inter alia,* that the defendant Kornish Distributors, Inc. (hereinafter Kornish), who delivered the newspapers to Deli Button every morning, was not responsible for untying the plastic strap around the newspapers, that the newspapers were delivered at 6:00 A.M. on December 7, 1991, and were tied with a yellow plastic strap, and that the owners of Deli Button were solely responsible for opening up the newspapers and placing them on the rack.

This evidence created triable issues of fact as to whether Deli Button's owners or employees created a dangerous condition by failing to properly discard the yellow strap *(see, Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670), or whether the presence of the yellow strap was visible and apparent "for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). The evidence also indicated that Kornish did not create the dangerous condition *(see, Williams v Southland Corp.,* 204 AD2d 717), and, accordingly, Kornish's motion for summary judgment should have been granted, and Deli Button's motion for summary judgment was properly denied. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.