■ ANTHONY MARTINEZ, Respondent, v CITY OF NEW YORK et al., Appellants. [624 NYS2d 451] —In an action to recover damages for personal injuries, (1) the defendants Ronald Blair and the City of New York appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated September 10, 1993, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal amount of $79,300, and (2) the defendant Germina Gonzalez, as administrator of the estate of Ronnie Alcantara, separately appeals, as limited by her brief, from so much of the same judgment as directed the Motor Vehicle Accident Indemnification Corporation to pay the plaintiff $10,000 on behalf of the estate of Ronnie Alcantara.

Ordered that the judgment is modified, by deleting the provision thereof which is in favor of the plaintiff and against the defendants Ronald Blair and the City of New York in the principal amount of $79,300 and substituting therefor a provision dismissing the complaint insofar as it is asserted against the defendants Ronald Blair and the City of New York; as so modified the judgment is affirmed; and it is further,

Ordered that the defendants Ronald Blair and the City of New York are awarded one bill of costs, payable by the plaintiff.

The plaintiff suffered personal injuries as a result of a collision between the motorcycle on which he was riding as a passenger and a fire engine owned by the City of New York

(hereinafter the City) and operated by Ronald Blair. The fire engine was responding to an emergency at the time of the collision.

There is insufficient evidence in the record to establish a prima facie case of negligence against the City and Blair. There is no evidence in the record regarding who had the green light in his favor at the time of the accident. Moreover, there is no evidence in the record from which the jury could have inferred that Blair did not maintain a reasonable rate of speed or that he failed to maintain a proper lookout while proceeding through the intersection where the accident occurred. Therefore, there can be no finding of liability against the City or against Blair (cf., *Campbell v City of Elmira*, 84 NY2d 505).

In light of the foregoing, there is no merit to Gonzalez's contention that the Motor Vehicle Accident Indemnification Corporation is not required to pay the plaintiff $10,000 on behalf of the estate of Ronnie Alcantara (see, Insurance Law § 5210). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.