■ DEBRA HOOD et al., Respondents, v JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, and CITIBANK,

N.A., Respondent. (And a Third-Party Action.) [628 NYS2d 148] —In an action to recover damages, *inter alia,* for personal injuries, the defendant John Hancock Mutual Life Insurance Company appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered March 17, 1994, which denied its motion for summary judgment (1) dismissing the complaint insofar as it is asserted against it, and (2) dismissing the cross claim of the defendant Citibank, N.A.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant John Hancock Mutual Life Insurance Company, and the cross claim of the defendant Citibank, N.A., is dismissed.

The defendant John Hancock Mutual Life Insurance Company (hereinafter John Hancock) leased a parcel of land it owned in Pelham Manor to Barbara Realty Corp. (hereinafter Barbara Realty) for the construction of a shopping center. Under the terms of this ground lease, the tenant was obligated "to keep the Property * * * and ways in good and clear order and condition [and to] make all necessary or appropriate repairs * * * thereof". Barbara Realty, in turn, subleased a building on the premises to the defendant Citibank, N.A. (hereinafter Citibank).

The plaintiff Debra Hood was allegedly injured when she slipped and fell upon a walkway in the shopping center, adjacent to premises subleased by Citibank. An action was thereafter commenced against both Citibank and John Hancock. John Hancock moved for summary judgment, arguing that it could not be held liable for the injuries at issue. We now reverse the order denying that motion.

In general, a landlord is not liable for conditions upon property after the transfer of possession unless the landlord is obligated, contractually or otherwise, to keep the property maintained and/or in good repair and has failed to exercise reasonable care in the performance of that obligation *(see, Putnam v Stout,* 38 NY2d 607; *Schlesinger v Rockefeller Ctr.,* 119 AD2d 462). Here, John Hancock, an out-of-possession landlord on a 99-year ground lease, proffered an unrebutted prima facie case that it had no duty, contractual or otherwise, to maintain or repair the walkway at issue. Accordingly, its motion for summary judgment should have been granted *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562-563; CPLR 3212 [b]). Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.