■ Morris Schwartz, Respondent, v Joseph Mittelman, Also Known as Jacob Mittelman, Doing Business as Mittelman's Supermarket/Kosher Food Center, Appellant. [632 NYS2d 667] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered March 15, 1995, which, upon a jury verdict finding him 75% at fault in the happening of the accident, is in favor of the plaintiff and against him in the principal sum of $115,107.75.

Ordered that the judgment is reversed, on the law, and the complaint is dismissed, with costs.

The plaintiff tripped on a wire on the floor of the defendant's grocery store, breaking his hip. The jury found that the defendant was 75% liable for the plaintiff's injuries and awarded the plaintiff damages in the principal sum of $115,107.75. We now reverse.

It is well settled that, in order to establish a prima facie case, a plaintiff in a so-called slip-and-fall or trip-and-fall negligence action must prove either that the defendant created

the condition that caused the plaintiff's injuries or that the defendant had actual or constructive notice of that condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Cobrin v County of Monroe, 212 AD2d 1011; Martinek v Deli Button, 208 AD2d 809; Munnich v Bellmore Dog Grooming, 201 AD2d 631; Kane v Human Servs. Ctr., 186 AD2d 539). The plaintiff in this case contends that the defendant created the hazardous condition that caused his injuries (i.e., the wire on the floor). However, the plaintiff cites no evidence in the record to support his contention. Rather, he appears to be arguing that the jury could have found that the wire was placed on the floor by the defendant merely because the defendant relied on such modern electrical appliances as a bread slicer and accepted deliveries in the store. However, such a speculative, inferential leap is not supported by any evidence in the record.

Although during the trial the plaintiff established the presence of modern appliances in the defendant's store, he failed to offer any evidence concerning the placement of those appliances or the length and type of the wires attached thereto, which would have permitted the jury to conclude that they were the source of the wire that caused his injuries. Moreover, although there was testimony concerning deliveries to the store, there was no testimony connecting the deliveries to the presence or use of the wire in question. Indeed, the only evidence concerning that wire came from the plaintiff, who stated that it resembled a telephone wire that runs from a jack to a telephone or a wire that is attached to a heating implement. However, there was no evidence adduced at trial concerning the presence of a heating implement in the store, and the only testimony concerning the store's telephone was that its wires were concealed behind a wall. In sum, the plaintiff failed to present a prima facie case that the defendant had created the hazardous condition that had caused his injuries, and the court should have granted the defendant's cross motion for judgment as a matter of law at the close of the evidence.

The defendant's remaining contentions are academic. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.