■ JEFFREY MOORMAN, Appellant, v HUNTINGTON HOSPITAL, Respondent. [691 NYS2d 548] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 20, 1998, as granted that branch of the defendant's motion which was for partial summary judgment dismissing the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendant's motion which was for partial summary judgment dismissing the first cause of action. The first cause of action asserted, *inter alia,* that the defendant negligently maintained its premises and had knowledge of the dangerous condition which caused the plaintiff to slip, fall, and sustain injuries. The defendant demonstrated its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant was responsible for the clear substance on the floor of the utility room in which he slipped and fell, or whether the defendant had constructive notice of that condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Cobrin v County of Monroe,* 212 AD2d 1011). The plaintiff's assertions that only employees had access to the utility room and therefore only an employee of the defendant could have created the hazardous condition is speculative and unsupported by any evidence in the record (*see, Freeman v Rock-Hil-Uris, Inc.,* 30 NY2d 742, 743; *Gernard v Agosti,* 228 AD2d 994; *Schwartz v Mittelman,* 220 AD2d 656; *Melton v E.P.S. Hair Design,* 202 AD2d 649; *Kanarskee v Pergament Distribs.,* 201 AD2d 704; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). Furthermore, there is no evidence in the record that the clear substance was visible and apparent and existed on the floor for a sufficient length of time prior to

the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838, *supra; Negri v Stop & Shop,* 65 NY2d 625, 626; *Masotti v Waldbaums Supermarket,* 227 AD2d 532, 533). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.