■ LAWRENCE CREGAN et al., Appellants, v GREENLAWN PLAZA CORPORATION et al., Respondents. (And a Third-Party Action.) [702 NYS2d 891] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 2, 1998, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Lawrence Cregan sustained injuries when he tripped on a plastic strap used to package newspapers, magazines, circulars, and the like, while walking on the sidewalk in front of the premises subleased by Cohin' Nuts, Inc., d/b/a Ralph Rotten's Nut Pound (hereinafter Ralph Rotten's). The plaintiffs commenced this action against the defendants Greenlawn Plaza Corporation (hereinafter Greenlawn), the owner of the shopping center, and Waldbaum's Inc. (hereinafter Waldbaum's), another tenant. The defendants' motion for summary judgment was granted by the Supreme Court. We affirm.

"In general, a landlord is not liable for conditions upon property after the transfer of possession unless the landlord is obligated, contractually or otherwise, to keep the property maintained and/or in good repair and has failed to exercise reasonable care in the performance of that obligation" (*Hood v John Hancock Mut. Life Ins. Co.*, 216 AD2d 269, 270). Here, Greenlawn, an out-of-possession landlord, established that it had no duty, contractual or otherwise, to maintain the area adjacent to the Ralph Rotten's premises. Accordingly, summary judgment was properly granted to Greenlawn.

The plaintiffs allege that since Waldbaum's circulars were packaged with bands similar to the one on which he tripped, an issue of fact exists as to whether Waldbaum's created the dangerous condition. However, other than the plaintiffs' speculation that the strap came from Waldbaum's as opposed to any of the three other stores in the shopping center, all of which are closer in proximity to Ralph Rotten's than Waldbaum's and sell items packaged using similar plastic bands,

there is no evidence that presents a question of fact sufficient to defeat that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Waldbaum's. Accordingly, summary judgment was properly granted to Waldbaum's. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.