■ MILDRED BRILLIANT et al., Respondents, v CITIBANK, N.A., Appellant. [713 NYS2d 169] —Order, Supreme Court, New York County (Louis York, J.), entered June 25, 1999, which denied defendant's cross motion for summary judgment, reversed, on the law, without costs, defendant's cross motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This is an action for personal injuries sustained when plaintiff Mildred Brilliant turned to leave a teller's window and tripped on a rope lying on the floor. Although evidence was submitted by plaintiffs which, if believed, would prove that a rope which usually would have been suspended between metal stanchions was on the floor, there was no evidence that this condition had been created by Citibank or that Citibank had constructive or actual notice. The mere use of ropes detachable from metal stanchions is no substitute for proof that defendant placed or left the rope lying on the floor. There is no evidence that defendant did either. Responsibility for a hazardous condi-

tion in this situation must flow from some act or failure to act by defendant, particularly in an area, such as a bank lobby, not under the exclusive control of defendant's employees but, rather, open to the public at large (*see, Moorman v Huntington Hosp.*, 262 AD2d 290).

The dissent would affirm but only by abandoning the requirement that there be proof of notice or affirmative acts creating the condition which caused plaintiff's injury (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). Indeed, the authority upon which the dissent relies only found an issue of fact precluding summary judgment because the plaintiff in that case had submitted proof in admissible form that an agent of that defendant had created the condition (*Arvanete v Green St. Realty*, 241 AD2d 909, 910). It would be improper to invite a jury to impose liability based upon sympathy for plaintiff or second-guessing what particular type of stanchion would have been preferable with the advantage of hindsight. *Moorman v Huntington Hosp.* (*supra*), did not hypothesize liability for a transient substance inadvertently left on a defendant's property but upheld dismissal where neither notice nor creation of the condition had been proven by plaintiff, as is the case here.

We have examined the other contentions of plaintiffs and find them to have no merit. Concur—Nardelli, J. P., Tom, Andrias and Buckley, JJ.

Mazzarelli, J., dissents in a memorandum as follows: I would affirm the order appealed on the ground that it is a jury question whether defendant bank's act of leaving unmonitored, unsecured, detachable rope stanchions in the lobby area of its premises created an unreasonable risk that one of its business invitees would trip over a rope which had fallen to the ground (*see, Arvanete v Green St. Realty*, 241 AD2d 909 [factual issues as to defendant's liability when plaintiff tripped over an exposed modem cord which was normally secured to the floor by being placed under a carpet runner]).

It is uncontested that the bank placed stanchions connected by ropes in the area leading to the tellers windows to assist in the orderly processing of customers' transactions. It was a hazard created by the structure and stability of the materials used to accomplish this goal which is at issue in this case. This is not a case where the plaintiff slipped on a transient substance inadvertently left on the defendant's property (*compare, Moorman v Huntington Hosp.*, 262 AD2d 290 [unidentified liquid on defendant's storage room floor]; *Gordon v American Museum of Natural History*, 67 NY2d 836 [wax paper left on the outside steps of defendant's property]).

Given the nature of this hazard, I would find that it is for the factfinder to conclude whether a reasonable bank owner should have used secured, attached, self-retracting stanchions to eliminate the likelihood that a loose rope would fall to the ground, or secured stanchions which could not be moved together, allowing a rope to lay on the ground, thus creating a trap. The factfinder could also consider whether, at the least, the bank should have supervised the stanchioned area to ensure that all of the connections were secure and that the stanchions used were far enough apart so that the suspended rope was visible to customers, and whether it allowed a trap-like hazard to be created by inaction.