■ JEAN MICHEL, Respondent, v LUCTON GRESSIER et al., Appellants. [748 NYS2d 512] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), dated April 10, 2001, as, upon a jury verdict finding the defendant Eric Delfonce 60% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal sum of $30,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed.

Benita Michel, a pedestrian (hereinafter the decedent), was killed when she came into contact with an automobile driven by the defendant, Eric Delfonce, and owned by the defendant Lucton Gressier.

The evidence presented at trial was insufficient to establish a prima facie case of negligence. It is well settled that for the court to conclude that a jury verdict is not supported by sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45

NY2d 493, 499). However, in a case based on circumstantial evidence, causes other than the defendant's negligence must be rendered sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence and not upon speculation (*see Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743). Here, there is no evidence regarding the circumstances of the happening of the accident, and no evidence from which the jury could have inferred that Delfonce was not traveling at a reasonable rate of speed or that he failed to maintain a proper lookout while approaching the intersection where the accident occurred (*see Martinez v City of New York,* 213 AD2d 704). The plaintiff thus failed to make out a prima facie case (*see Thomas v New York City Tr. Auth.,* 194 AD2d 663). Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.