■ JULIA E. FIGUEROA et al., Respondents, v CITY OF NEW YORK, Appellant. [773 NYS2d 66]—

In an action to recover damages for personal injuries, etc., the

defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Martin, J.), entered October 31, 2002, which, upon a jury verdict finding it 100% at fault in the happening of the accident, and upon the denial of its motion, inter alia, to set aside the verdict or for judgment in its favor as a matter of law, is in favor of the plaintiff Julia E. Figueroa and against it in the principal sum of $430,000.

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion which was for judgment in favor of the appellant as a matter of law is granted, and the complaint is dismissed.

The plaintiff Julia E. Figueroa was injured on January 21, 1994, when she slipped and fell on a patch of ice on Macon Street in Brooklyn. The plaintiffs contend that the defendant created the ice on January 18, 1994, when the New York City Department of Sanitation allegedly used a flusher truck (a water tanker truck used to clear debris from the street) to spray water on Macon Street. The undisputed evidence established the presence of the flusher truck on Macon Street on January 18, 1994. However, the defendant presented unrebutted evidence that the flusher truck was fitted with a snow plow and used only for plowing operations that day.

The evidence presented at trial was legally insufficient to establish a prima facie case of negligence. It is well settled that for the court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Michel v Gressier,* 298 AD2d 507 [2002]). In a case based on circumstantial evidence, causes other than the defendant's negligence must be rendered sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence and not upon speculation (*see Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743 [1986]; *Michel v Gressier, supra; Bardi v City of New York,* 293 AD2d 505, 505-506 [2002]; *Schwartz v Mittelman,* 220 AD2d 656 [1995]).

Viewing the evidence in the light most favorable to the plaintiffs and giving them the benefit of every favorable inference that can reasonably be drawn from the facts (*see Martin v City of Albany,* 42 NY2d 13, 18 [1977]), the contention that the ice on which the injured plaintiff slipped was caused by the defendant's affirmative negligence remains speculative (*see Michel v Gressier, supra; Rabinowitz v City of New York,* 286

AD2d 724 [2001]). The mere presence of the flusher truck on Macon Street three days before the accident, without any direct or circumstantial evidence that the truck was in fact used for spraying the street with water, does not render sufficiently remote or technical the possibility that the ice on which the injured plaintiff slipped was the result of prevailing meteorological conditions at or before the time of the accident (*see Bardi v City of New York, supra; Schwartz v Mittelman, supra*).

In light of our determination, we need not reach the defendant's remaining contentions. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.