■ DAVID M. MAZOR, Appellant, et al., Plaintiff, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Defendants, and DAOU SYSTEMS, INC., et al., Respondents. [787 NYS2d 345]—

In an action to recover damages for personal injuries, the plaintiff David M. Mazor appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered August 5, 2003, which granted the motions of the defendants A.R. Communication Contractors, Inc., and ADCO Electrical Corp. and the cross motion of the defendant Daou Systems, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff David M. Mazor, an employee at Long Island Jewish Hospital in New Hyde Park, allegedly sustained serious injuries at the hospital on February 2, 1999, when he was struck by a ladder dropped by an unidentified worker. The defendants A.R. Communication Contractors, Inc. (hereinafter A.R. Communication), and ADCO Electrical Corp. (hereinafter ADCO), subcontractors performing work at the hospital, both established a prima facie case of entitlement to summary judgment by submitting evidence that the unidentified worker was not under their direction or control and that they did not provide the worker with the ladder (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]). In opposition, the plaintiff failed to raise a tri-

able issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). The plaintiff's proof in opposition did not raise an issue of fact as to whether A.R. Communication, ADCO, or an unidentified nonparty employed the worker who allegedly dropped the ladder. Indeed, the evidence indicated that in addition to A.R. Communication and ADCO, other trade workers, such as carpenters, plumbers, asbestos removers, electricians, and another communications cabling company, all of whom customarily use ladders, were working throughout the hospital. Accordingly, the plaintiff did not overcome the defendant's proof of other possible causes nor show that they were remote or technical, to avoid inviting speculation as to causation (*see Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]; *Figueroa v City of New York*, 5 AD3d 432, 433-434 [2004]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626-627 [1998]; *cf. Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743 [1986]).

Further, the general contractor, Daou Systems, Inc. (hereinafter Daou), also established a prima facie case of entitlement to summary judgment. In opposition, the plaintiff failed to raise a triable issue of fact. The evidence indicated that while Daou was responsible for maintaining safety, it exercised only general supervisory authority over the worksite and did not supervise or direct the work performed by its subcontractors A.R. Communication and ADCO. Accordingly, assuming that the unidentified worker was an employee of A.R. Communication or ADCO, liability could not be imposed on Daou (*see Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224-225 [2004]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.