■ BRADLEY DESTELHORST et al., Appellants, v ATLANTIC DETROIT DIESEL ALLISON, LLC, Respondent. [804 NYS2d 128]—

Mugglin, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered January 10, 2005 in Delaware County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Bradley Destelhorst (hereinafter plaintiff) and his wife, derivatively, brought this action claiming that defendant created a one foot in diameter puddle of motor oil on the garage floor at Nova Bus Company (plaintiff's employer) in which he slipped and was injured. Defendant moved for summary judgment and met its initial burden of establishing that it " 'neither created the condition nor had actual or constructive notice of the condition' " (*Smith v J.B.H., Inc.*, 300 AD2d 874, 874 [2002], quoting *Altieri v Golub Corp.*, 292 AD2d 734, 734-735 [2002]; *see Kappes v Cohoes Bowling Arena*, 2 AD3d 1034, 1034-1035 [2003]) through affidavits which established that (1) no employee of defendant had been at Nova's premises for three weeks prior to the date of injury, (2) the only employee of defendant

present on the date of plaintiff's slip was a technician who performed predelivery inspections on the air conditioning units of two buses, (3) as the oil level in each compressor of the units was appropriate, no motor oil or any other liquid was utilized by said technician in performing the inspections, and (4) plaintiff observed technicians employed by others at the premises that day. In opposition, plaintiffs argue that because defendant's employee could add oil to the compressors, if it was needed, the employee must have had some oil with him and may have inadvertently spilled it. However, no triable issue of fact is demonstrated by these unsupported and speculative assertions (see Smith v J.B.H., Inc., supra at 875; Williams v Hannaford Bros. Co., 274 AD2d 649, 650 [2000]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.