■ RONALD CANTWELL, Appellant, v RONDOUT SAVINGS BANK, Respondent. [866 NYS2d 377]—

Stein, J. Appeal from an order of the Supreme Court (Work, J.), entered July 6, 2007 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In February 2005, after exiting the bank, plaintiff slipped and fell on a small piece of ice on a walkway leading to defendant's parking lot. Plaintiff commenced this action against defendant seeking damages for the injuries he sustained as a result of his fall. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiff now appeals. We affirm.

"For defendant[ ] to prevail on [its] summary judgment motion, [it is] 'required to establish as a matter of law that [it]

maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). Furthermore, "[c]onstructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [the] defendant[ ] to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315 [2007]).

Here, plaintiff argues that defendant failed to meet its burden of establishing its entitlement to judgment as a matter of law or, in the alternative, that plaintiff raised a question of fact regarding constructive notice. The testimony of Cynthia Tice, defendant's assistant vice-president and operations officer, established that defendant maintained the property in a reasonably safe condition and that defendant had no notice of the ice on which plaintiff slipped. Tice testified that defendant employed two maintenance persons who regularly cared for the grounds and that defendant hired a contractor who removed snow and ice from the premises when necessary. According to Tice, bills from the contractor who removed snow demonstrated that the weather had been clear for several days prior to the incident. Tice further testified that there was no precipitation on the day the incident occurred, the area was otherwise free of snow and ice that day and defendant did not create the condition. Even plaintiff testified that the ice was very small in size, he did not notice it when entering the bank and, in fact, he did not notice it until after he fell.

Based on the foregoing, defendant established its entitlement to summary judgment, shifting the burden to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). Plaintiff failed to do so. There was no evidence whatsoever that defendant created the condition or that defendant had actual notice thereof. In addition, the evidence provided by plaintiff was insufficient to create a triable issue of fact as to constructive notice. Moreover, based on plaintiff's own testimony, we agree with Supreme Court that plaintiff's arguments regarding a height differential and the broken area in the curbing of the walkway are not relevant.

We have considered plaintiff's remaining contentions and find them to be unpersuasive.

Mercure, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.