■ JOSEPH PERRY, Appellant, v CUMBERLAND FARMS, INC., Respondent. [891 NYS2d 498]—

Rose, J.P.

Plaintiff commenced this action seeking to recover for injuries he allegedly sustained when, while walking across defendant's parking lot, he fell after his feet became entangled in a plastic band used to bundle newspapers. Defendant moved for summary judgment dismissing the complaint on the ground that it had no actual or constructive notice of the allegedly dangerous condition that caused plaintiff's injuries. Supreme Court granted the motion, prompting this appeal by plaintiff.

In support of its motion for summary judgment, defendant had the burden to establish that it "maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *see Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1031-1032 [2008]). To that end, defendant offered plaintiff's deposition testimony, the affidavit and deposition testimony of Joan Scism, who was defendant's manager on duty, and a surveillance video recording of plaintiff's fall. In his testimony, plaintiff stated that he had not seen the band either when he went into defendant's store or when he returned to the parking lot and fell. Scism testified that the parking lot had been swept the night before, that no debris had been reported prior to plaintiff's fall, and that she saw no debris when she checked the lot roughly 30 minutes before he fell. The surveillance video showed that the uncut plastic band first appeared in the parking lot at 8:50 A.M. and plaintiff fell on it at 9:18 A.M. This proof was sufficient to satisfy defendant's burden (*see Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819-820 [2000]).

In opposition to the motion, plaintiff asserted that defendant created the condition that caused his injury by failing to properly dispose of the band when the newspapers were unbundled some three hours before his fall. The only evidence regarding this issue, however, was Scism's testimony that defendant's employees cut the bands on bundles of newspapers inside the store and placed the cut bands in an inside trash can. Thus, the claim that defendant created the condition is based on mere speculation that an employee failed to cut one of the bands that then found its way out of the trash can, out of the store and into the parking lot (*see Salerno v North Colonie Cent. School Dist.*, 52 AD3d 1145, 1147 [2008]; *Destelhorst v Atlantic Detroit Diesel Allison, LLC*, 23 AD3d 901, 902 [2005]).

Plaintiff also contends that defendant had constructive notice of the band's presence because it had been "loose" on the premises for approximately three hours. To establish such notice, however, plaintiff was required to show that the dangerous condition was "visible and apparent and in existence for a sufficient period of time so as to allow the defendant an opportunity to take corrective action" (*Saunders v Bryant's Towing*, 27 AD3d 992, 994 [2006]; *see Cantwell v Rondout Sav. Bank*, 55 AD3d at 1032; *Walker v Golub Corp.*, 276 AD2d 955, 956 [2000]). To do so, plaintiff relied upon an incident report prepared by Scism which stated that plaintiff had fallen because a plastic band had been left behind by the distributor who had delivered

the newspapers earlier that morning. Scism testified, however, that her statement was pure conjecture on her part which she based upon having picked up similar bands left by the distributor in the parking lot on prior occasions and her certainty that the uncut band could not have come from her own employees inside the store. Given the evidence of the surveillance video showing that the band was present in the parking lot for less than 30 minutes before plaintiff fell, Scism's conjecture provides no basis to assume that the band had been present in defendant's parking lot from the time of delivery and unbundling (*compare Arfield v Grand Union Co.*, 208 AD2d 580 [1994]; *Martinek v Deli Button*, 208 AD2d 809 [1994]; *Williams v Southland Corp.*, 204 AD2d 717 [1994]). Without some proof disputing the evidence that the band had been present for only a short time, plaintiff failed to raise a question of fact as to constructive notice (*see Straus v Turnpike Bagels*, 281 AD2d 470 [2001]; *Cregan v Greenlawn Plaza Corp.*, 269 AD2d 418 [2000]; *Dumont v Griswold Co.*, 246 AD2d 879, 880 [1998]).

Finally, we cannot agree that the presence of plastic bands on defendant's premises was an ongoing and recurring unsafe condition which regularly went unaddressed. In his deposition, plaintiff testified that he had visited defendant's premises every morning for seven years and had never seen any such bands, and Scism's own testimony that she had picked up similar bands on prior occasions shows only a general awareness that a dangerous condition may be present (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]).

Kavanagh, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.