■ Doris Richardson, Appellant, v Rotterdam Square Mall et al., Respondents. [734 NYS2d 303] —Crew III, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered October 25, 2000 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for injuries allegedly sustained when she tripped and fell over a curb located at defendant Rotterdam Square Mall in the Town of Rotterdam, Schenectady County, in February 1997. Plaintiff alleged, *inter alia*, that defendants were negligent in failing to remove ice and snow that purportedly had accumulated on the curb in question and, further, in permitting the existence of a curb that was excessively high and, hence, unreasonably dangerous. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that they lacked actual or constructive notice of any dangerous condition allegedly existing on the property. Supreme Court granted defendants' motion, prompting this appeal by plaintiff.

We affirm. To demonstrate their entitlement to summary judgment, defendants were required to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof (*see, Kivlan v Dake Bros.*, 255 AD2d 782; *Reinemann v Stewart's Ice Cream Co.*, 238 AD2d 845, 846;

*Rekemeyer v Knickerbocker Furniture Co.*, 222 AD2d 873, 874). Plaintiff's pleadings essentially allege two dangerous conditions—an accumulation of snow and ice on the curb and the excessive height of the curb itself. Based upon our review of the record, we agree with Supreme Court that defendants discharged their initial burden on the motion for summary judgment and, ultimately, plaintiff failed to raise a question of fact as to the existence of a dangerous condition on the property. Hence, defendants' motion was properly granted.

As to the snow and ice issue, plaintiff's examination before trial testimony and that of the nonparty witness who accompanied her on the day of the accident establish that there was no snow or ice on the curb or sidewalk where plaintiff fell. Therefore, any assertion that weather conditions or an accumulation of snow or ice played any role in plaintiff's accident is entirely unsupported by the record. Simply stated, defendants cannot be faulted for failing to remove that which did not exist.

With regard to the height of the curb in question, plaintiff testified that she returned to the scene of the accident in early 1999, approximately two years after her accident, at which point she measured the curb height at 9½ inches. Plaintiff's expert measured the curb height at 8¾ inches and opined that such height violated the "Standard Specifications" issued by the Department of Transportation, which apparently require that the exposed curb face of a type "BB" cast-in-place concrete curb not exceed six inches in height. Assuming, without deciding, that the curb over which plaintiff tripped was in fact a type "BB" cast-in-place concrete curb and, further, that the Department of Transportation standards at issue actually applied to the construction of the curb at the shopping mall, plaintiff's papers nonetheless are insufficient to raise a question of fact on this issue as plaintiff failed to adduce any proof as to the height of the curb as of the date of her accident. Plaintiff did not measure the curb until approximately two years after her accident, and her expert's affidavit, dated August 29, 2000, is silent as to the date upon which he inspected the site and took his measurements (*see, Santiago v United Artists Communications*, 263 AD2d 407, 408). Observations and measurements based upon such a belated inspection of the accident site are of no evidentiary value (*see, Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [observations made two years after accident]; *Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210 [same]) particularly where, as here, neither plaintiff nor her expert could state with any degree of

certainty that the photographs taken of the curb in 1999 fairly and accurately depicted the height and condition of the curb at the time of plaintiff's accident in February 1997 (*see, Figueroa v Haven Plaza Hous. Dev. Fund Co., supra*).

Moreover, even accepting that the curb height was excessive and, hence, posed a dangerous condition, the record is devoid of proof as to defendants' actual or constructive notice thereof. A vice-president of the entity responsible for the management of the mall averred that such company had no record of any prior complaints or accidents with respect to the curb over which plaintiff tripped and fell. Indeed, plaintiff testified that she was a frequent visitor to the shopping mall and had not previously experienced any difficulty negotiating the curb at issue. In light of these circumstances, defendants' motion for summary judgment dismissing the complaint was properly granted.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.