■ MARJORIE AMIDON, Appellant, v YANKEE TRAILS, INC., Respondent. [794 NYS2d 132]—

Carpinello, J. Appeal from an order of the Supreme Court (Hummel, J.), entered August 4, 2004 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

At around 6:15 P.M. on April 5, 2002, plaintiff boarded a bus at defendant's Rensselaer County facility bound for an all-night trip to a Connecticut casino. The bus returned the next morning at approximately 5:45 A.M. After disembarking, plaintiff slipped and fell on ice in the parking lot as she was walking to her car. Thereafter, she commenced this negligence action against defendant to recover damages for her injuries, alleging that the ice was a dangerous condition about which defendant knew or should have known. Following joinder of issue, defendant moved for summary judgment dismissing the complaint contending that it did not have actual or constructive notice of the allegedly dangerous condition in its parking lot. Supreme Court granted defendant's motion, prompting this appeal.

To prevail on its motion, defendant was required "to establish as a matter of law that [it] maintained [its] property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition . . . nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). Based on our review of the record, which is to be viewed in the light most favorable to plaintiff (*see Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 674 [2003]), we disagree with Supreme Court's conclusion that defendant satisfied its burden.

In support of its motion for summary judgment, defendant presented the testimony of its director of operations, John Tobin, who stated that his responsibilities included maintaining the parking lot in a safe condition, including plowing, sanding and salting the lot as needed. Although Tobin stated that he generally checks the weather forecast every evening during the winter months, he did not specifically state that he had checked the weather forecast on the evening of April 5, 2002, and, in fact, at one point specifically stated that he had not done so. Indeed, Tobin admitted that he had no knowledge of the condition of the parking lot at the time of plaintiff's fall on the morning of April 6, 2002. According to Tobin, defendant's service

personnel supervisor was charged with evaluating the condition of the parking lot during the overnight hours and usually informed Tobin when plowing, sanding or salting was necessary. Significantly, defendant did not present the supervisor's testimony or statement.

In opposition to the motion, plaintiff testified that, as she was walking to her car, snow and ice were readily apparent on the parking lot surface and on parked cars in the lot. Her uncontroverted meteorological evidence established that, at the time of her accident, the air temperature was below freezing and that approximately three quarters of an inch of snow had fallen in Rensselaer County between 10:30 P.M. on April 5, 2002 and 3:30 A.M. on April 6, 2002. Moreover, defendant's bus driver indicated on the accident report that there was snow in the area in which plaintiff fell.

Considering that defendant did not present any evidence with respect to the condition of its parking lot on the morning of the accident, and in light of plaintiff's testimony that the snow and ice were readily apparent, we conclude that defendant failed to meet its burden of establishing as a matter of law that it did not have actual or constructive notice of an allegedly dangerous condition (*see Rosati v Kohl's Dept. Stores, supra* at 674-675; *compare Mokszki v Pratt, supra* at 710-711; *Richardson v Rotterdam Sq. Mall, supra* at 679-680; *Wimbush v City of Albany,* 285 AD2d 706, 706-707 [2001]; *Dong v Cazenovia Coll.,* 263 AD2d 606, 607 [1999]). Thus, Supreme Court improperly granted defendant's motion for summary judgment dismissing the complaint.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.