■ BRENDA SCHISSLER, Respondent, v ATHENS ASSOCIATES et al., Appellants. [798 NYS2d 175]—

Mugglin, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 27, 2004 in Albany County, which denied a motion by defendant Athens Associates for summary judgment dismissing the complaint.

Plaintiff allegedly slipped and fell on a patch of ice in a parking lot owned by defendant Athens Associates (hereinafter defendant), and leased to plaintiff's employer, New York State Dormitory Authority. Lacking evidence of actual notice of the icy condition, plaintiff's claim is dependent on proving that defendant had constructive notice of the dangerous condition and failed, in the exercise of due care, to remediate it (see Orr v Spring, 288 AD2d 663, 663 [2001]). However, as a proponent of a motion for summary judgment seeking dismissal of the complaint, defendant must submit sufficient evidence of lack of notice to shift the evidentiary burden to plaintiff (see Disonell v Stewart's Ice Cream Co., 300 AD2d 886, 886 [2002]; Tucci v Stewart's Ice Cream Co., 296 AD2d 650, 650 [2002], lv denied 98 NY2d 615 [2002]; Orr v Spring, supra at 663). Defendant did so by submitting (1) plaintiff's examination before trial (hereinafter EBT) testimony that when she entered for work that morning, she did not recall ice or snow in the parking lot and had no difficulty walking there, and (2) the EBT testimony of the Dormitory Authority's property manager that not only is the parking lot routinely examined early every morning for dangerous conditions, but on the afternoon of plaintiff's fall, he was notified of the incident and immediately inspected the parking lot and found it to be "dry." Plaintiff, however, succeeded in raising triable issues of fact concerning the condition of the parking lot and defendant's constructive notice thereof by her EBT testimony that she slipped and fell by walking to meet a coworker who was waiting in his car in the parking lot to take her to lunch and his EBT testimony that the parking lot, in the

area where plaintiff fell, was covered by a layer of hard-packed snow.

Defendant's alternative "storm in progress" defense was properly not considered by Supreme Court as it was raised for the first time in defendant's reply papers (*see Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562 [1992]). As it is thus unpreserved for appellate review, we do not reach it except to note that it is totally inconsistent with defendant's claim that the parking lot was dry.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.