■ GINA DICKERSON, Respondent, v TROY HOUSING AUTHORITY, Appellant. [825 NYS2d 162]—

Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 5, 2005 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

At approximately 5:30 A.M. on November 30, 2002, plaintiff slipped and fell on ice on a walkway near her apartment complex which is maintained by defendant. Plaintiff commenced this negligence action and asserted that (1) defendant had constructive notice of the ice on the walkway and did not exercise reasonable care in remedying the situation, and (2) defendant created the dangerous condition by inadequately lighting the walkway and by designing and/or maintaining the walkway in a manner which allowed water to pool and freeze in that area. Defendant moved for summary judgment asserting lack of constructive notice given that the area had been cleared and salted on November 29, 2002 and that no complaints had been received about the condition of the walkway. Supreme Court denied defendant's motion, finding that issues of fact existed both as to whether defendant had constructive notice of, or created, the allegedly dangerous condition. On defendant's appeal, we affirm.

Defendant supported its motion for summary judgment with evidence that the sidewalks had been cleared and salted between the daytime hours of 7:30 A.M. and 3:30 P.M. on November 29, 2002, as well as plaintiff's testimony that she had not seen any ice before she fell and the fact that no other complaints of icy or dangerous conditions had been reported. In opposition, however, plaintiff provided the affidavit of a neighbor who observed ice in the area in question shortly after plaintiff fell. Plaintiff also submitted an affidavit of a meteorologist who opined that, because temperatures remained above freezing after 6:30 P.M. on November 29, 2002, any ice accumulation that caused plaintiff's fall would have to be the product of events occurring prior to that time, at least 11 hours prior to the accident. Based on this evidence, Supreme Court properly concluded that a question of fact was presented as to whether the allegedly dangerous condition existed for a sufficient period of time prior to the accident for defendant to reasonably have

discovered and remedied it (*see Saunders v Bryant's Towing*, 27 AD3d 992, 994-995 [2006]; *Schissler v Athens Assoc.*, 19 AD3d 979, 979-980 [2005]; *cf. Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 856 [2005]).

Further, to obtain summary judgment it was incumbent upon defendant to "establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Amidon v Yankee Trails, Inc.*, 17 AD3d 835, 836 [2005]). In its moving papers, defendant failed to respond to plaintiff's assertion—detailed in the bill of particulars—that defendant created or exacerbated the allegedly dangerous condition by piling snow around a low, inadequately lighted area of the sidewalk, thereby allowing runoff to pool and freeze. Accordingly, defendant's motion was properly denied (*see Schissler v Athens Assoc., supra* at 979-980; *Amidon v Yankee Trails, Inc., supra* at 837; *El Shammaa v Parent*, 237 AD2d 684, 685 [1997]).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.