◼ MARIA CANDELARIO, Respondent, v WATERVLIET HOUSING AUTHORITY et al., Appellants. [847 NYS2d 298]—

Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 29, 2007 in Albany County, which

---

denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for personal injuries allegedly sustained when she slipped and fell on ice and snow at approximately 8:00 P.M. on January 9, 2005 after exiting her car in the parking lot of the apartment complex where she lived. Defendant Van Rensselaer Village Houses, Inc. owns the complex and defendant Watervliet Housing Authority (hereinafter WHA) provides maintenance at the premises including snow removal. Following disclosure, defendants moved for summary judgment dismissing the complaint asserting the apartment parking lot was in a reasonably safe condition. Supreme Court found that plaintiff submitted sufficient proof to raise triable issues and, accordingly, denied the motion. Defendants appeal.

Defendants have the threshold burden when seeking summary judgment of establishing that they maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition (see *Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1005 [2006]; *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). If they meet that burden, plaintiff must then come forward with evidence establishing triable issues in order to avert summary disposition (see *Schissler v Athens Assoc.*, 19 AD3d 979, 979 [2005]; *Kappes v Cohoes Bowling Arena*, 2 AD3d 1034, 1035 [2003]). The proof presented is viewed in the light most favorable to the nonmovant (see *Amidon v Yankee Trails, Inc.*, 17 AD3d 835, 836 [2005]).

The day prior to plaintiff's accident between five and six inches of snow fell in a storm that ended by 7:00 P.M. on January 8, 2005. Thereafter, temperatures remained below freezing until after plaintiff's fall some 25 hours after the storm had ceased. Defendants submitted evidence that WHA had crews at the premises on January 8, 2005 and they cleared snow, sanded, and salted the subject parking lot. Maintenance personnel from WHA allegedly returned on January 9, 2005 for visual inspection of the premises and application of ice melting substances where needed. This proof was sufficient to shift the burden to plaintiff.

Plaintiff testified that when she departed the apartment complex during daylight hours on the afternoon of the accident, there was ice all over the parking lot. She recalled that the parking lot was in the same condition when she returned that evening. She described the lighting conditions as dim and, to keep from falling as she exited her car and moved toward the rear to get her children, she held onto the side of the car. She

nevertheless slipped and fell. Plaintiff also produced affidavits from several residents of the apartment complex stating that, at no time during January 2005 had they seen any evidence of sand, salt or other substances intended to melt ice in the parking lot despite the need therefor because of the presence of extensive ice. We agree with Supreme Court that plaintiff set forth adequate evidence to raise a triable issue of fact (see e.g. *Saunders v Bryant's Towing*, 27 AD3d 992, 994-995 [2006]; *Schissler v Athens Assoc.*, 19 AD3d at 979-980).

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.