PHOEBE BROWN, Respondent, v HAYLOR, FREYER & COON, INC., et al., Appellants. [875 NYS2d 610]—

Peters, J.P. Appeal from an order of the Supreme Court (Garry, J.), entered July 15, 2008 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for personal injuries she allegedly sustained when she slipped and fell on ice while walking towards a bus stop in the City of Ithaca, Tompkins County. The incident occurred at approximately 6:30 A.M. on December 16, 2003 on a sidewalk in front of property owned by defendant HFC Building Associates, LLC, leased by defendant Haylor, Freyer & Coon, Inc. and managed by defendant Dryden Apartment Company. Plaintiff alleged, among other things, that defendants created the dangerous condition and/or had notice of the ice on the sidewalk and failed to remedy the situation. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, finding questions of fact as to whether defendants had constructive notice of the dangerous condition. Defendants appeal.

To establish entitlement to summary judgment, defendants were " 'required to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]). In support of their motion, defendants proffered, among other things, the pretrial testimony of Daniel Webb, an employee of Dryden whose responsibilities included snow removal of the portion of the sidewalk where plaintiff fell. Webb testified that he inspected the subject property on a daily basis to determine if snow removal was necessary and that he performed snow removal and de-icing salting services at the property between 8:30 A.M. and 9:30 a.m. the day before the accident. Defendants also provided evidence that no complaints of ice, snow or other dangerous conditions on the sidewalk had been reported prior to the accident. These submissions were sufficient to establish defendants' prima facie entitlement to summary judgment (*see Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1331 [2008]; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315 [2007]; *Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004 [2006]), thereby shifting the burden to plaintiff to raise an issue of fact requiring a trial (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to the motion, plaintiff sought to raise factual questions concerning defendants' constructive notice of the ice on the sidewalk. In order to demonstrate constructive notice, plaintiff was required to present evidence that "the condition was visible and apparent and existed for a sufficient period of

time prior to the accident to permit defendants to discover it and take corrective action" (*Martin v RP Assoc.*, 37 AD3d 1017, 1017-1018 [2007] [internal quotation marks and citations omitted]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *DiGrazia v Lemmon*, 28 AD3d 926, 927 [2006], *lv denied* 7 NY3d 706 [2006]).

Plaintiff testified that she saw the patch of ice immediately after she fell and that it was approximately the size of her body. She explained that she did not see the ice patch before she fell because she was looking ahead towards the bus stop, rather than down at the ground (*see Saunders v Bryant's Towing*, 27 AD3d 992, 994-995 [2006]). Plaintiff also produced the affidavit and report of a certified meteorologist, which was based upon his review of climatological data from the period between December 10 and 16, 2003. The meteorologist averred that a storm that spanned the Finger Lakes Region produced 8.5 inches of snow in the Ithaca area in the 24-hour period preceding 8:00 A.M. on December 15, that no precipitation fell for 16 hours prior to plaintiff's fall and that the temperature did not rise above freezing between December 13 and the time of the accident. Based upon this climatological data, he opined that plaintiff slipped on ice which was the residue of the snow storm that ended the previous day and that the ice had been in place for at least 16 hours prior to plaintiff's fall. Viewing the evidence in a light most favorable to plaintiff and according her the benefit of every favorable inference which can be drawn (*see Habib v Baldini*, 51 AD3d 1250, 1251 [2008]), we agree with Supreme Court's conclusion that plaintiff raised a triable question of fact on the issue of constructive notice (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d at 1315-1316; *Dickerson v Troy Hous. Auth.*, 34 AD3d at 1004-1005; *Uhlinger v Gloversville Enlarged School Dist.*, 19 AD3d 780, 781 [2005]).

Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.