■ DENISE P. MANAGAULT, Respondent, v RENSSELAER POLYTECHNIC INSTITUTE, Appellant. [879 NYS2d 612]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 13, 2008 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

On the evening of February 4, 2004, plaintiff, a Capital District Transportation Authority bus driver, parked her bus on defendant's campus in order to use a restroom that was located in a field house. As plaintiff approached the field house, her feet slid on what she claims was black ice, causing her to fall and injure her right knee and hand. Plaintiff thereafter commenced this action, alleging that defendant negligently failed to clear the ice from its walkway. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, concluding that triable issues of fact exist regarding defendant's notice of the allegedly dangerous condition. Defendant appeals, and we now affirm.

In order to prevail on its motion for summary judgment, defendant was required to establish that it "maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *see Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1031-1032 [2008]; *Amidon v Yankee Trails, Inc.*, 17 AD3d 835, 836 [2005]). A demonstration of " '[c]onstructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [the] defendant[ ] to discover it and take corrective action' " (*Cantwell v Rondout Savings Bank*, 55 AD3d at 1032, quoting *Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see Martin v RP Assoc.*, 37 AD3d 1017, 1017 [2007]). Particularly relevant here, "[w]hile plaintiffs . . . bear the burden at trial of establishing that defendant created or had notice of the condition, in the current procedural context—i.e., a motion for summary judgment by defendant—the 'initial burden of establishing a prima facie entitlement to judgment' falls upon [the] defendant" (*Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 674 [2003], quoting *Altieri v Golub Corp.*, 292 AD2d 734, 734 [2002]).

In support of its motion for summary judgment, defendant submitted a copy of its snow and ice response plan, as well as the testimony and supporting affidavit of the operations supervisor at the field house and the testimony of its site services department supervisor. Both employees described defendant's customary snow removal practices and indicated that no complaints regarding icy conditions were reported on the day in question. Defendant also conceded that "the weather reports seem to indicate that there was a snowfall which commenced on February 3 and continued into the early morning hours of February 4, 2004," and proffered a work order cost report demonstrating the total number of hours worked by its employees in connection with this snowfall. We note, however, that although defendant also presented plaintiff's testimony that there was a snow squall during the day on February 4, 2004, and that a dusting of snow covered the sidewalk at the time of the accident, the testimony regarding defendant's customary practice and the work order cost report provide no detail regarding the conditions surrounding defendant's field house that night, when the accident occurred. Indeed, the operations supervisor stated only that the walkway would have been inspected at 6:00 P.M. and that if a dangerous or slippery condition was apparent, it would have been remedied by the application of calcium chloride; neither of defendant's employees was able to provide evidence regarding whether the customary protocol was actually followed on the night in question.

Under these circumstances, we conclude that defendant failed to meet its initial burden of demonstrating as a matter of law that it did not have actual or constructive notice that an icy condition was present outside the field house (*see Amidon v Yankee Trails, Inc.*, 17 AD3d at 836-837; *see also Altieri v Golub Corp.*, 292 AD2d at 735; *cf. Cantwell v Rondout Sav. Bank*, 55 AD3d at 1032; *Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074). In any event, even assuming that defendant had met its initial burden, plaintiff presented adequate evidence to raise a triable issue of fact. While plaintiff admittedly observed no ice prior to her fall, she was able to see that her feet had slipped on black ice as she was on the ground waiting for help. She further observed defendant's employees spreading salt or sand on the accident site as an ambulance crew was removing her from the scene. Moreover, plaintiff's uncontroverted meteorological evidence—an expert affidavit and supporting climatological data—indicated that snow fell on the night of February 3 and morning of February 4, 2004, but that no further precipitation occurred after 9:20 A.M. and, thus, icy conditions would have been present for at least six to eight hours prior to the fall (*see Amidon v Yankee Trails*, 17 AD3d at 837).

Contrary to defendant's arguments, Supreme Court properly considered plaintiff's affidavit inasmuch as it did not contradict her prior deposition testimony (*see DiGrazia v Lemmon*, 28 AD3d 926, 927-928 [2006], *lv denied* 7 NY3d 706 [2006]), and her description of the employees' remedial actions is relevant to the condition and visibility of the ice at the time of the fall (*see Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 961 [2003]). Similarly, plaintiff's statements to the ambulance crew and hospital personnel that she had fallen on ice covering defendant's walkway were properly considered as prior consistent statements in response to defendant's assertion that plaintiff recently fabricated her claim that she observed ice at the time of her fall (*see Mooney v Osowiecky*, 235 AD2d 603, 604 [1997]; *see also People v McDaniel*, 81 NY2d 10, 18 [1993]; *cf. Cuevas v Alexander's, Inc.*, 23 AD3d 428, 429 [2005]). In short, viewing the evidence in the light most favorable to plaintiff, we conclude that the foregoing satisfied her burden of establishing material issues of fact regarding the existence of a dangerous condition and defendant's constructive notice thereof (*see Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074-1075; *Boyko v Limowski*, 223 AD2d at 963-964).

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.