■ MARGARET KEARSEY, Respondent, v VESTAL PARK, LLC, et al., Appellants, and ANTHONY JOSEPH PITTARELLI II, Individually and Doing Business as GREENSKEEPER LAWN MAINTENANCE SERVICE, et al., Respondents. [897 NYS2d 542]—

Peters, J.P. Appeal from an order of the Supreme Court (Tait, J.), entered October 27, 2008 in Broome County, which, among other things, denied a motion by defendants Vestal Park, LLC and Northeast United Corporation for summary judgment dismissing the complaint against them.

Plaintiff sued to recover for injuries she sustained when she slipped and fell on a patch of ice on the sidewalk of a shopping plaza owned by defendants Vestal Park, LLC and Northeast United Corporation (hereinafter collectively referred to as defendants). In their answers, defendants interposed cross claims for contribution and indemnification against defendants Greenskeeper Lawn Maintenance Service and Anthony Joseph Pittarelli II, individually and doing business as Greenskeeper Lawn Maintenance Service (hereinafter collectively referred to as Greenskeeper), the contractor hired to perform snow and ice removal of the sidewalks at the plaza. Following joinder of issue and discovery, defendants and Greenskeeper separately moved for summary judgment dismissing the complaint, with Greens-

keeper also moving to dismiss defendants' cross claims.* Supreme Court denied defendants' motion, finding questions of fact as to whether they had constructive notice of the icy condition, and granted Greenskeeper's summary judgment motion dismissing the cross claims. Defendants now appeal.

To demonstrate entitlement to summary judgment dismissing plaintiff's complaint, it was incumbent upon defendants "to establish as a matter of law that they maintained the property in question in a reasonably safe condition and that they neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1189 [2009] [internal quotation marks and citations omitted]; *see Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1197 [2009]; *Moriarity v Wallace Dev. Co., LLC*, 61 AD3d 1088, 1088 [2009]). Here, defendants met their initial burden by proffering, among other things, evidence of the contractual arrangements with Greenskeeper to maintain the plaza's sidewalks free of snow and ice, plaintiff's testimony that she had not observed any snow or ice on the sidewalk before she fell, and the testimony of defendants' representatives and staff establishing that they did not receive any complaints from store tenants concerning an icy condition, nor did the weather indicate the need to ensure that maintenance contractors were on site to salt (*see Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1331 [2008]; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1315 [2007]; *Dickerson v Troy Hous. Auth.*, 34 AD3d 1003, 1004 [2006]). As such, the burden shifted to plaintiff to come forward with evidence demonstrating a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition, plaintiff asserted that the slippery condition was created by the melting of snow on the roof, which resulted in water falling from the overhang onto the sidewalk and then freezing to form ice, and submitted proof primarily aimed at raising a factual issue concerning constructive notice. "A claim of constructive notice requires that the condition be visible and apparent and in existence for a sufficient period of time so as to allow the defendant an opportunity to take corrective action" (*Saunders v Bryant's Towing*, 27 AD3d 992, 994 [2006] [citation omitted]; *see Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d at 1189-1190; *Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1032 [2008]).

Plaintiff's deposition testimony established that, immediately

---

* Plaintiff subsequently discontinued her claims against Greenskeeper.

after her fall, she observed the patch of ice she had slipped on. She described it as "quite extensive," being at least a foot in width and extending at least three store lengths. She also proffered the affidavits of Anthony Meier, Heather Beers and Courtney Simpson, each of whom observed plaintiff's fall, averred that another patron fell approximately an hour earlier in that exact same location and described the condition of the portion of the sidewalk where plaintiff fell as "covered" in ice. According to Meier and Beers, both of whom worked at a store within the plaza, ice often formed in the area where plaintiff fell as a result of water dripping from the roof and overhang. Meier added that he observed icicles a few feet long hanging off the overhang and dripping onto the sidewalk at the time of plaintiff's fall, and Beers confirmed the presence of ice in the area of plaintiff's fall both prior to and following the accident. Plaintiff further offered the affidavit from an expert who stated that the climatological data revealed a widespread storm that brought more than 13 inches of snow that ended during the late morning on the day prior to the accident, and opined that the subsequent sunny weather, coupled with temperatures that fluctuated just above freezing, caused snow to melt and run off from the overhang onto the sidewalk and created the potential for refreezing. An affidavit from an engineer, who visited the scene well after the accident but found its condition to be unchanged, concluded that the size and placement of the overhang was a direct cause of the water dripping onto the location of the sidewalk where plaintiff fell and the subsequent icy condition that existed at the time of the accident. Viewing this evidence in a light most favorable to plaintiff and according her every favorable inference (*see Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d at 1190), we agree with Supreme Court's conclusion that she raised a triable issue of fact "as to whether the allegedly dangerous condition existed for a sufficient period of time prior to the accident for defendant[s] to reasonably have discovered and remedied it" (*Dickerson v Troy Hous. Auth.*, 34 AD3d at 1004-1005; *see Moriarity v Wallace Dev. Co.*, 61 AD3d at 1089; *Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d at 1315).

Nor are we persuaded that Supreme Court erred in dismissing defendants' cross claims for contribution and indemnification. To sustain a claim for contribution, defendants were required to show that Greenskeeper owed them a duty of reasonable care independent of its contractual obligations or that Greenskeeper owed a duty directly to plaintiff and that a breach of that duty contributed to her injuries (*see Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]). Here,

Greenskeeper's maintenance agreement with Vestal Park preserved the latter's right to contract with other third parties for snow and ice removal of the plaza's sidewalks and only required Greenskeeper to plow if the snow accumulation exceeded two inches or upon defendants' request. As the contract was not " 'so comprehensive and exclusive a maintenance agreement as to entirely displace the landowner's duty' " to maintain the property safely, Greenskeeper did not owe an independent duty to plaintiff (*Malcolm v Kapur*, 278 AD2d 926, 927 [2000], quoting *Salisbury v Wal-Mart Stores*, 255 AD2d 95, 96 [1999]; *see Borden v Wilmorite, Inc.*, 271 AD2d 864, 865 [2000], *lv denied* 95 NY2d 767 [2000]; *Phillips v Young Men's Christian Assn.*, 215 AD2d at 827). Furthermore, Greenskeeper established that it did not owe defendants a duty of care independent of its contractual obligations, and defendants failed to raise an issue of fact regarding such a duty (*see Malcolm v Kapur*, 278 AD2d at 926; *Phillips v Young Men's Christian Assn.*, 215 AD2d at 827). Accordingly, Supreme Court properly dismissed defendants' cross claims for contribution.

We reach a similar conclusion with respect to defendants' cross claims for indemnification. Here, Greenskeeper made a prima facie showing of entitlement to summary judgment dismissing the contractual indemnification claims by demonstrating that it fulfilled its duties under the contract (*see Peycke v Newport Media Acquisition II, Inc.*, 17 AD3d 338, 339 [2005]; *Baratta v Home Depot USA*, 303 AD2d 434, 435 [2003]). The contract obligated Greenskeeper to plow the sidewalks if two inches of snow or more fell, and required salting if less than two inches of snow had accumulated or upon receiving "freezing rain and/or sleet or standing water freezing." It further required Greenskeeper to perform snow removal and salting when requested by Vestal Park. To that end, it is uncontroverted that, on the day prior to plaintiff's fall, Greenskeeper performed snow removal and salting at 8:00 A.M., and resalting at 10:00 A.M. Greenskeeper also submitted meteorological evidence demonstrating that no precipitation had fallen between the time it last salted the sidewalks and plaintiff's fall, and that it was sunny with temperatures rising above freezing throughout the morning of the accident.

In response, defendants failed to raise an issue of fact. Plaintiff's theory of the case is that she slipped on ice that formed from water that dripped from defendants' roof and then froze, and no evidence has been submitted as to any other source of the ice upon which plaintiff allegedly slipped. Although defendants argue that Greenskeeper would be responsible for salt-

ing under such circumstances because this would constitute "freezing water standing," there is not a scintilla of proof that Greenskeeper either knew about a condition that occurred after it left the premises or had any obligation to constantly monitor the property for such a condition (*see Tamhane v Citibank, N.A.*, 61 AD3d 571, 573-574 [2009]). As such, Supreme Court properly dismissed defendants' cross claims for contractual indemnification. Dismissal of the common-law indemnification claims was also proper since defendants failed to raise a triable issue of fact as to whether plaintiff's accident was attributable solely to the negligent performance or nonperformance of an act that was solely within Greenskeeper's province, such that defendants' liability to plaintiff, if any, would be strictly vicarious (*see Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 979 [2006]; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457, 457-458 [2001]; *Keshavarz v Murphy*, 242 AD2d 680, 681 [1997]; *see also Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1189 [2007]).

Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.