■ MARIA CONNOLLY et al., Respondents, v UNITED HEALTH SERVICES, INC., Appellant. [910 NYS2d 218]—

Mercure, J. Appeal from an order of the Supreme Court (Lebous, J.), entered March 18, 2010 in Broome County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Maria Connolly (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover for injuries she sustained after slipping and falling on ice outside an entrance to defendant's hospital. Following joinder of issue, defendant moved for summary judgment, asserting that it did not create or have notice of the icy condition. Supreme Court denied defendant's motion, prompting this appeal.

We affirm. A defendant in a slip and fall case has "the threshold burden when seeking summary judgment of establishing that [it] maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *see Amidon v Yankee Trails, Inc.*, 17 AD3d 835, 836 [2005]). Plaintiffs' claims turn on whether defendant had constructive notice inasmuch as there are no allegations that defendant created or had actual notice of the allegedly dangerous condition. It is well settled that "[t]o

constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Moriarity v Wallace Dev. Co., LLC*, 61 AD3d 1088, 1088-1089 [2009]).

Here, defendant presented an affidavit from Rich Keehle, its manager of security services, indicating that the hospital conducted routine inspections of the area in which plaintiff fell at a minimum of several times a day. Keehle averred that the entrance and parking area used by plaintiff were inspected at 5:30 A.M. on the day of the accident, and that no dangerous or defective conditions were observed. Keehle and an employee of defendant's engineering services department further indicated that there were no complaints of icy conditions in the area where plaintiff fell prior to her accident. Moreover, there is no dispute that the day was cold and clear, temperatures remained below freezing and no precipitation fell between 5:30 A.M., when the entrance was allegedly inspected, and 8:30 A.M., the time of the accident. As Supreme Court concluded, this evidence was sufficient to establish prima facie entitlement to summary judgment, thereby shifting the burden to plaintiffs to raise a triable issue of fact (*see Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1189 [2009]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074; *Martin v RP Assoc.*, 37 AD3d 1017, 1018-1019 [2007]; *see also Boucher v Watervliet Shores Assoc.*, 24 AD3d 855, 856-857 [2005]; *cf. Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1198 [2009]; *Hagin v Sears, Roebuck & Co.*, 61 AD3d 1264, 1266 [2009]; *Amidon v Yankee Trails, Inc.*, 17 AD3d at 836-837).

In response, plaintiffs submitted photographs taken five minutes after the accident by Douglas Ayers, one of defendant's security officers who responded to the scene of the accident. The photographs reveal a large patch of ice near the hospital's entrance upon which an employee of defendant was spreading salt. Plaintiffs also submitted Ayers' deposition testimony indicating that, immediately after the accident, he observed a light coating of partially melted ice or frost, approximately 10 feet by 12 feet, underneath an overhang outside the hospital entrance. Ayers stated that the ice on either side of the overhang had been melted by the sun. Moreover, while Ayers indicated that his responsibilities included patrolling the exterior of defendant's hospital to inspect the grounds for potential hazards, including icy conditions, he explained that it was not "our normal procedure" to patrol the ramp area where

plaintiff fell. Ayers further acknowledged that he "never looked that close[ly]" at the ramp because no one had fallen there prior to plaintiff's accident.

Viewing this evidence in the light most favorable to plaintiffs, we conclude that they raised a triable issue of fact regarding constructive notice of the dangerous condition that caused the accident. Accordingly, Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint (*see Managault v Rensselaer Polytechnic Inst.*, 62 AD3d at 1198; *Moriarity v Wallace Dev. Co., LLC*, 61 AD3d at 1089; *Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d at 1190; *Candelario v Watervliet Hous. Auth.*, 46 AD3d at 1074-1075).

Cardona, P.J., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs. **[Prior Case History: 27 Misc 3d 1205(A), 2010 NY Slip Op 50565(U).]**