■ BONNIE PERALES, Plaintiff, v FIRST COLUMBIA 1200 NSR, LLC, Appellant, and GALLIVAN CORPORATION, Respondent. [932 NYS2d 211]—

Peters, J.P.

After leaving work at approximately 5:30 P.M. on January 16, 2007, plaintiff slipped and fell on ice in the parking lot of

---

premises owned by defendant First Columbia 1200 NSR, LLC. In this personal injury action against both First Columbia and defendant Gallivan Corporation, which supplied snow and ice removal services to First Columbia pursuant to a written agreement, plaintiff claims that they negligently maintained the property. In its answer, First Columbia interposed cross claims against Gallivan for contribution and indemnification. Following joinder of issue and the completion of discovery, Gallivan moved for summary judgment dismissing the complaint against it and First Columbia's cross claims. Supreme Court granted the motion in its entirety, prompting this appeal by First Columbia.*

Supreme Court properly dismissed First Columbia's claim for contractual indemnification. The parties' contract required that Gallivan indemnify First Columbia for "all liability and loss . . . caused by or sustained in connection with the performance of this Service Agreement or by conditions created thereby." Here, Gallivan made a prima facie showing of entitlement to summary judgment dismissing the contractual indemnification claim by demonstrating that it fulfilled its duties under the contract (see *Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1366 [2010]) and that plaintiff's accident was not "caused by or sustained in connection with the performance of [the contract] or by conditions created thereby," such that the indemnification provision was not triggered (see *Kogan v North St. Community, LLC*, 81 AD3d 429, 430 [2011]; *see generally Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *O'Connor v Serge El. Co.*, 58 NY2d 655, 657 [1982]).

The contract obligated Gallivan to plow all parking lots and walkways after the accumulation of one inch of snow, and required salting and sanding "when conditions dictate." It also provided that snow, when cleared, would be piled in locations designated by First Columbia. It is undisputed that there was an ice storm on the day prior to plaintiff's accident and that Gallivan cleared the property of ice and performed salting several times on that date. Gallivan's service logs reveal that its employees returned to the property the following morning at 5:00 A.M. and applied salt. Upon an inspection of the property at approximately 7:00 A.M., an employee of Gallivan found the

---

* Although the notice of appeal states that First Columbia challenges "each and every part" of Supreme Court's order, its brief addresses only the dismissal of its cross claims for contractual and common-law indemnification. Accordingly, First Columbia has abandoned any argument that the court improperly dismissed its cross claim for contribution and plaintiff's complaint against Gallivan (see *Ostuni v Town of Inlet*, 64 AD3d 854, 855 n [2009]).

parking lot and walkways to be free of snow and ice. Gallivan also proffered plaintiff's deposition testimony that she observed no ice or snow in the parking lot or walkways when she arrived at work, as well as meteorological evidence demonstrating that no precipitation had fallen on the day of the accident. Furthermore, the two employees of Gallivan who inspected the property on the morning of the accident averred that when they plowed snow they always did so in the areas specified by First Columbia in the contract, that they never encountered a snow melt/refreeze issue at the subject parking lot and that there was no snow or ice accumulation present at the property on the morning of the accident.

In opposition, First Columbia failed to raise an issue of fact. Plaintiff's theory of the case is that she slipped on ice that formed from water that had melted from a pile of snow that was placed by Gallivan, and then subsequently froze. However, the record is devoid of any competent proof that Gallivan piled any snow in an area proximate to the location of plaintiff's fall. Notably, the evidence established that plowing and salting was also performed by First Columbia's property technician. Nor did First Columbia offer any evidence addressing the origin of the ice on which plaintiff fell (*see Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 414 [2007]; *Reagan v Hartsdale Tenants Corp.*, 27 AD3d 716, 718 [2006]). As such, any argument that Gallivan created the condition that caused plaintiff's fall is based upon speculation. Although First Columbia also argues that Gallivan should have inspected the parking lot in the afternoon or early evening of the date of the accident, there is no proof that Gallivan "either knew about a condition that occurred after it left the premises or had any obligation to constantly monitor the property for such a condition" (*Kearsey v Vestal Park, LLC*, 71 AD3d at 1367; *see Tamhane v Citibank, N.A.*, 61 AD3d 571, 573-574 [2009]). Accordingly, First Columbia's cross claim for contractual indemnification was properly dismissed.

We reach a similar conclusion with respect to First Columbia's cross claim for common-law indemnification. "One is entitled to implied indemnification where he or she has committed no wrong but is held vicariously liable for the wrongdoing of another" (*Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841, 843 [1995] [citation omitted]; *see Kearsey v Vestal Park, LLC*, 71 AD3d at 1367; *Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1189 [2007]). Here, plaintiff's allegations charged First Columbia with liability in negligence for failing to properly configure the parking lot and pedestrian pathways,

and vicarious liability for Gallivan's alleged negligent placement of snow piles. However, as previously noted, the contract required Gallivan to place plowed snow at the specified locations designated by First Columbia, and there is no evidence that Gallivan failed to follow those instructions. Where, as here, a contract's specifications are not so patently defective so as to put a contractor of ordinary prudence on notice that the work is dangerous and likely to cause injury, reliance on such contractual specifications is justified (*see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943, 945 [2008]; *West v City of Troy*, 231 AD2d 825, 826 [1996]; *Morriseau v Rifenburg Constr.*, 223 AD2d 981, 982 [1996]; *Pioli v Town of Kirkwood*, 117 AD2d 954, 955 [1986], *lv denied* 68 NY2d 601 [1986]). Thus, since any liability on behalf of First Columbia for placement of the snow piles would involve its own active fault, a viable claim for common-law indemnification against Gallivan cannot lie (*see Atkinson v Safety Kleen Corp.*, 240 AD2d 1003, 1005 [1997]).

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.