■ LISA PILOTTI et al., Respondents, v 90 PRESIDENTIAL PLAZA ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. SECURITAS SECURITY SERVICES USA, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [943 NYS2d 263]—

Kavanagh, J. Appeal from an order of the Supreme Court (Lebous, J,), entered August 18, 2011 in Broome County, which, among other things, granted a motion by third-party defendant Securitas Security Services USA, Inc. for summary judgment dismissing the third-party complaint against it.

At approximately 7:45 A.M. on January 18, 2005, plaintiffs and their son arrived for a medical appointment at an office located in a building owned by defendant in the City of Syracuse, Onondaga County. After the appointment ended, plaintiff Lisa Pilotti (hereinafter plaintiff) was leaving the building with her son when she slipped and fell on ice that had accumulated on the building's front steps. Plaintiff, and her husband derivatively, subsequently commenced this action against defendant to recover for the injuries that plaintiff sustained in this fall. Defendant, in turn, commenced a third-party action against, among others, defendant Securitas Security Services USA, Inc. (hereinafter Securitas) for contribution and indemnification. Defendant later moved for summary judgment dismissing the complaint on the ground that a storm was in progress at the time of plaintiff's fall and, therefore, it did not have a reasonable opportunity to remedy any hazardous condition that may have been created in or around the building's main entrance. Defendant also claimed that plaintiffs' complaint should be dismissed because it did not have actual or constructive notice of any icy condition that existed on the front steps of its building prior to plaintiff's accident. Securitas, in turn, moved for summary judgment dismissing defendant's third-party claims against it arguing that it had no contractual obligation to indemnify defendant, and that its obligation to defendant only extended to providing security services for the building and not to remove ice and snow from the premises. Supreme Court denied defendant's motion for summary judgment, but granted Securitas' motion and dismissed defendant's third-party complaint against it. Defendant now appeals.

At oral argument, defendant's counsel conceded that Supreme Court properly denied defendant's motion for summary judgment seeking dismissal of the complaint. Accordingly, we need address only whether Securitas was entitled to summary judgment dismissing defendant's third-party complaint. We note

that there is no clause in Securitas' contractual agreement with defendant requiring it to indemnify defendant for accidents that occurred on the premises and a separate entity had been retained by defendant to provide snow plowing and removal services for the building. Also, defendant had a duty to maintain the premises in a reasonably safe condition and, while Securitas agreed to clear the entrances to the building of snow and ice (*see Cook v Orchard Park Estates, Inc.*, 73 AD3d 1263, 1264 [2010]), defendant continued to assume responsibility for maintaining these areas of the building. In that regard, defendant's building manager testified that he would periodically check entrances of the building to insure that they were safe, and would personally remove snow and ice from them if necessary (*see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1366 [2010]). Based on this evidence, Supreme Court properly granted Securitas' motion for summary judgment dismissing the third-party complaint against it.

Rose, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with one bill of costs.