■ JACQUELINE R. RAVIDA, Appellant, v STUYVESANT PLAZA, INC., Respondent. [956 NYS2d 657]—

Lahtinen, J.

"In order to prevail on its motion for summary judgment, defendant was required to establish that it maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of the allegedly dangerous condition" (*Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1197 [2009] [internal quotation marks and citation omitted]; *see Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406, 1406-1407 [2010]). It is uncontested that defendant met its threshold burden. Proof in support of its motion included, among other things, deposition testimony from the grounds manager and an affidavit from a member of his crew who worked the day of plaintiff's accident. According to these individuals, on winter days when there was no storm, the sidewalks were inspected at least twice a day, once in the morning and once in the afternoon. During the morning inspection, salt was routinely applied. On the date of the accident, the area where plaintiff fell had been inspected in the morning and afternoon and no snow or ice had been observed on the sidewalk. No complaints had been received about sidewalk conditions that day. An affidavit from a meteorologist reported that temperatures had remained below freezing the day before and day of the accident, and that a trace of snow had fallen between midnight and 4:00 a.m. on the day of the accident. The

meteorologist opined that salt applied the morning of the accident would have melted any existing ice and that, even if salt had not been applied, the "less than measurable amount of snow" which fell after midnight "would have evaporated."

Plaintiff contends that she raised a factual issue as to whether defendant had constructive notice of the condition. "Constructive notice requires a showing that the [condition] was visible and apparent and existed for a sufficient period of time prior to the accident to permit [defendant] to discover and remedy it" (*Herbst v Nevele Country Club*, 251 AD2d 864, 864 [1998] [internal quotation marks and citations omitted]; *see Connolly v United Health Servs., Inc.*, 77 AD3d 1274, 1274-1275 [2010]). Plaintiff presented evidence that there were large piles of snow in the vicinity resulting from cleanup efforts following a significant snowfall 12 days before the accident as well as two-to-three additional inches of snow three days before the accident. Plaintiff acknowledged that she did not observe any ice on the sidewalk in the relevant area before falling. After she fell, she recalled seeing ice in the spaces between the bricks, which she characterized as "bumpy and grey" from packed snow that had melted. She recalled a low part in the brick where she observed a "dark and shiny" area that, drawing on her experience living in the northeast, she "believe[d] . . . was ice." However, proof in the record is, at best, unclear regarding the size of this patch of ice and we are left to speculate regarding size, which is relevant regarding its visibility for purposes of constructive notice (*compare Brown v Haylor, Freyer & Coon, Inc.*, 60 AD3d 1188, 1190 [2009] [ice patch about the size of the plaintiff's body], *and Gonzalez v American Oil Co.*, 42 AD3d 253, 256 [2007] [large area of ice described by the plaintiff], *with Cantwell v Rondout Sav. Bank*, 55 AD3d 1031, 1031-1032 [2008] [small piece of ice]). Speculation as to the size and visibility of the purported patch of ice is insufficient to raise a factual issue regarding constructive notice in light of defendant's proof that the area had been inspected at least twice on the date of the accident and no ice was observed.

The remaining issues are academic or unavailing. Accordingly, we find that Supreme Court properly granted defendant's motion.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.