York v Thompson Sta. Inc. (2019 NY Slip Op 03721)





York v Thompson Sta. Inc.


2019 NY Slip Op 03721


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527272

[*1]DESHAWN YORK, Respondent,
v
THOMPSON STATION INC. et al., Appellants, and EAST COAST SERVICES II INC. et al., Respondents, et al., Defendants.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Santacrose & Frary, Albany (Keith M. Frary of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh (James W. Shuttleworth of counsel), for Deshawn York, respondent.
MacVean, Lewis, Sherwin & McDermott, PC, Middletown (Jeffrey D. Sherwin of counsel), for East Coast Services II Inc., respondent.
The Law Offices of Craig P. Curcio, Middletown (Deborah J. Bookwalter of counsel), for Poley Paving Co., respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Schick, J.), entered December 5, 2017 in Sullivan County, which, among other things, partially denied a motion by defendants Thompson Station Inc., McKinley Inc. and Phillips Edison & Company Ltd. for summary judgment dismissing the complaint against them.
Defendant Shop-Rite Supermarkets, Inc. operates a grocery store located within a shopping plaza in the Village of Monticello, Sullivan County, which is owned by defendant Thompson Station Inc. and managed by defendant McKinley Inc. In October 2014, McKinley entered into a contract with defendant East Coast Services II Inc. to perform snow removal services for the subject premises for the 2014-2015 winter season. On November 14, 2014, East Coast Services II, in turn, subcontracted defendant Poley Paving Co. to perform said services.
At approximately 8:40 a.m. on November 30, 2014, plaintiff slipped and fell on a patch of ice in the parking lot in front of Shop-Rite's store, sustaining injuries to her head and wrist. Plaintiff thereafter commenced this negligence action alleging that defendants failed to maintain [*2]the property in a reasonably safe condition [FN1]. As part of their joint answer, Thompson Station, McKinley and defendant Phillips Edison & Company Ltd., a prior property manager for the subject premises, interposed cross claims against, as relevant here, East Coast Services II and Poley Paving for contractual and/or common-law indemnity. Following joinder of issue of the remaining defendants and discovery, Thompson Station, McKinley and Phillips Edison moved for summary judgment dismissing the complaint against them, arguing, among other things, that they owed no duty of care to plaintiff and that neither Thompson Station nor McKinley had actual or constructive notice of the icy condition. In addition, East Coast Services II and Poley Paving each separately moved for summary judgment dismissing the complaint against them and the cross claims asserted by Thompson Station, McKinley and Phillips Edison. Supreme Court, among other things, granted the motions by East Coast Services II and Poley Paving, dismissing the complaint and cross claims against them, and partially granted the motion by Thompson Station, McKinley and Phillips Edison to the extent that it dismissed the complaint against Phillips Edison, but otherwise denied the motion as to Thompson Station and McKinley [FN2]. Thompson Station and McKinley now appeal, arguing that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them and in dismissing their cross claims against East Coast Services II and Poley Paving.
We affirm. It is well settled that "[a] defendant seeking summary judgment in a slip and fall action must demonstrate that it maintained its property in a reasonably safe condition and that it did not create the alleged dangerous condition giving rise to the plaintiff's injuries or have actual or constructive notice of such condition" (Hurley v City of Glens Falls, 160 AD3d 1188, 1188 [2018] see Riozzi v 30 Kingston Realty Corp., 112 AD3d 1033, 1033-1034 [2013]; Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]; Richardson v Rotterdam Sq. Mall, 289 AD2d 679, 679 [2001]). Here, although Supreme Court did not address each element of the applicable standard in it decision, even assuming, without deciding, that Thompson Station and McKinley did not create the alleged icy condition, they nevertheless failed to meet their initial burden of establishing as a matter of law that no triable issue of fact exists with regard to the issue of constructive notice (see Hurley v City of Glens Falls, 160 AD3d at 1189). As relevant here, "to demonstrate a lack of constructive notice, [Thompson Station and McKinley were] required to show that the condition was not visible and apparent and had not existed for a sufficient period of time prior to the accident to permit [them] to discover it and take corrective action" (Riozzi v 30 Kingston Realty Corp., 112 AD3d at 1034 [internal quotation marks, brackets and citations omitted]; see Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1197 [2009]).
In support of their motion, Thompson Station and McKinley proffered, among other things, the pretrial deposition testimony of plaintiff, Stephen Poley, the vice-president for Poley Paving, and two Shop-Rite employees — Raymond Robinson, a cart person, and Anthony Faber, an assistant store manager. Plaintiff testified that she observed several patches of snow and ice in the parking lot on the morning in question. Upon exiting the store and walking to her car, plaintiff's left foot slipped forward, causing her to fall on her right side. Although she testified that she did not see the patch of ice that she slipped on prior to falling, she stated that, while on the ground, she could readily see the thick, "whitish color" patch of ice that she had slipped on. Following the incident, Faber and Robinson confirmed that there was a visible patch of ice where plaintiff had fallen, as well as some accumulated snow nearby, and Robinson testified that he thereafter spread rock salt over the subject patch of ice as plaintiff was waiting for the ambulance.
Poley testified that the most recent snowfall event that required the subject lot to be plowed had occurred on November 26, 2014 — four days prior to this incident — and both [*3]Robinson and Faber testified that no precipitation had fallen on the morning in question and that the parking lot was dry, with the exception of a few snow banks. Although Poley testified that Poley Paving would monitor the weather, salt or sand the lot as needed and inspect the lot on a daily basis, no evidence was presented with regard to when Poley Paving had last inspected the lot prior to plaintiff's fall. Faber testified that Shop-Rite opened at 6:00 a.m. and he had not received any complaints of icy conditions prior to plaintiff's fall, which was almost three hours later. Given the foregoing proof, and viewing the evidence in a light most favorable to plaintiff, we find that Supreme Court properly determined that triable issues of fact remain with respect to the size, visibility and length of time that the icy condition existed in the subject parking lot such that Thompson Station and McKinley failed to establish as a matter of law that it did not have constructive notice of the allegedly dangerous condition (see Hurley v City of Glens Falls, 160 AD3d at 1189; Amidon v Yankee Trails, Inc., 17 AD3d 835, 837 [2005]).
Supreme Court also properly dismissed the cross claim asserted by Thompson Station and McKinley for contractual indemnity against East Coast Services II [FN3]. The indemnification clause in the snow removal contract between McKinley and East Coast Services II provides, in relevant part, that East Coast Services II must indemnify Thompson Station and McKinley "from any suits, claims, damages, . . . losses and expenses of any nature whatsoever including but not limited to attorney's fees resulting from performance of the work, but only to the extent caused by the negligent acts or omissions of [East Coast Services II and Poley Paving] . . . regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder."[FN4] With regard to the cross claim for contractual indemnification, East Coast Services II satisfied its initial burden by providing evidence that it fulfilled its snow removal duties under the contract (see Perales v First Columbia 1200 NSR, LLC, 88 AD3d 1213, 1214 [2011]). Tellingly, Thompson Station and McKinley acknowledge in their brief that East Coast Services II and Poley Paving "appropriately and thoroughly monitored, inspected, plowed and salted the Shop-Rite parking lot" and they otherwise failed to submit any additional documentation in opposition to the motion raising an issue of fact (see Kearsey v Vestal Park, LLC, 71 AD3d 1363, 1366 [2010]).
We likewise find that Supreme Court properly dismissed Thompson Station and McKinley's cross claim for common-law indemnification against East Coast Services II and Poley Paving. "[I]n order to establish a claim for common-law indemnification, the party seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability, but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the cause of the accident" (Hackert v Emmanuel Cong. United Church of Christ, 130 AD3d 1292, 1295 [2015] [internal quotation marks, brackets and citations omitted]). We agree with Supreme Court that the snow removal contracts entered into with East Coast Services II and Poley Paving — which were submitted in support of their motions — did not constitute the type of comprehensive and exclusive maintenance agreements that would displace the obligation of Thompson Station and McKinley to ensure that the premises were maintained in a reasonably safe condition (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 588 [1994]). Specifically, the contracts reserved authority for East Coast Services II and, in turn, Thompson Station and McKinley, to control when salt was supposed to be applied in the lots, where snow banks were to be located and the right to inspect the work performed. Such reservation of control, coupled with Poley Paving's proof demonstrating that it adequately and appropriately fulfilled its snow removal duties, established East Coast Services II's and Poley Paving's prima facie entitlement to summary judgment dismissing the cross claim for common-law indemnification against them [*4](see Pearles v First Columbia 1200 NSR, LLC, 88 AD3d at 1215-1216; Salisbury v Wal-Mart Stores, 255 AD2d 95, 98 [1999]). Inasmuch as Thompson Station and McKinley failed to raise a question of fact in opposition (see Kearsey v Vestal Park, LLC, 71 AD3d at 1366), Supreme Court properly dismissed the cross claim for common-law indemnification.
Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: The parties subsequently executed a stipulation of discontinuance with regard to Inland Mid-Atlantic Management Corporation and further stipulated to the addition of defendant East Coast Industrial Services II, Inc. as a party.

Footnote 2: Supreme Court also granted Shop-Rite's motion for summary judgment dismissing the complaint against it, which determination is not being challenged on this appeal.

Footnote 3: There was no snow removal contract entered into between Poley Paving and Thompson Station and McKinley.

Footnote 4: Thompson Station and McKinley concede that the terms regarding the scope of work to be performed in the subcontract between East Coast Services II and Poley Paving mirror those provided in the contract between McKinley and East Coast Services II.