■ ABEMA SARFOWAA et al., Respondents, v CLAFLIN APTS. L. L. C. et al., Respondents and Third-Party Plaintiffs-Respondents, and CLAFLIN PROPERTIES et al., Appellants and Third-Party Defendants-Appellants. [727 NYS2d 82] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered January 26, 2001, which denied defendants and third-party defendants-appellants' motion for summary judgment dismissing the complaint as against them and dismissing the third-party complaint, unanimously modified, on the law, to the extent of dismissing the claims for breach of contract and warranty within the causes of action in the third-party complaint, and otherwise affirmed, without costs.

The court properly found that triable issues of fact exist with respect to appellants' potential liability as previous owner and manager of an apartment building in which an explosion and flash fire allegedly resulting from a gas leak in a kitchen stove caused plaintiff Abema Sarfowaa's injuries. Claflin Properties sold the building to third-party plaintiff Claflin Apts. L. L. C., 11 days prior to the incident, at which time M.P. Management became manager. Deposition testimony established that the former building superintendent, who was discharged on the day of the sale, had been informed of the suspected gas leak on at least two occasions prior to the change of ownership. Following the sale, plaintiff Sarfowaa informed the new superintendent of the problem, apparently for the first time, during the afternoon of the day before the accident occurred. However, as had his predecessor, the new superintendent took no immediate action upon inspection of the stove. Under the circumstances, questions of fact exist as to whether sufficient time had passed to provide the new owner and manager a reasonable opportunity to discover the condition and remedy it, thus ending any continuing liability on the part of the former owner and management company (*see, Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317). .

We dismiss the claims by third-party plaintiffs based on breach of contract and warranty since the contract of sale was an "as is" agreement providing no warranties and specifically

releasing the seller from all terms and conditions upon delivery of the deed.

We have considered and rejected appellants' remaining arguments. Concur—Nardelli, J. P., Mazzarelli, Rubin, Saxe and Buckley, JJ.