■ SHELLEY BRAZELL et al., Plaintiffs, v WELLS FARGO HOME MORTGAGE, INC., et al., Respondents, and NATASHA SINGH et al., Appellants-Respondents, et al., Defendant. WELLS FARGO HOME MORTGAGE, INC., et al., Third-Party Plaintiffs-Respondents, v MORTGAGE CONTRACTING SERVICES, INC., Third-Party Defendant-Appellant-Respondent. MORTGAGE CONTRACTING SERVICES, INC., Second Third-Party Plaintiff-Respondent-Appellant, v QUANTUM-FACS, INC., Second Third-Party Defendant-Appellant-Respondent. MORTGAGE CONTRACTING SERVICES, INC., Third Third-Party Plaintiff-Respondent, v RED HAWK PROPERTIES, LLC, Third Third-Party Defendant-Appellant, et al., Third Third-Party Defendant. [839 NYS2d 758]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about April 3, 2006, which, to the extent appealed from as limited by the briefs, denied the respective motions for summary judgment dismissing the claims, cross claims and counterclaims as against all third-party defendants, unanimously reversed, on the law, with costs, and the third-party complaints dismissed. The Clerk is directed to enter judgment accordingly.

Defendants Wells Fargo Home Mortgage and Norwest Mortgage have settled the underlying personal injury action with plaintiffs. A tortfeasor that has obtained its own release from liability shall not be entitled to contribution from any other person or entity (General Obligations Law § 15-108 [c]). In that regard, a tortfeasor's claim for reimbursement against a succes-

sive, independent tortfeasor whose negligence aggravated the injured plaintiff's damages is one in the nature of contribution rather than indemnification (*Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643 [1988]). In any event section 15-108 (c) does not apply to claims for indemnification where the person or entity seeking to be indemnified did not itself commit any wrong, but is nonetheless deemed vicariously liable to the injured party because of some relationship with the tortfeasor or obligation imposed by law (*see e.g. Raquet v Braun*, 90 NY2d 177, 182-184 [1997]).

Consequently, where a settling party is at least partially responsible for the plaintiff's damages because of its own negligence, such party may not seek indemnification from other tortfeasors (*see Glaser*, 71 NY2d at 647). The critical issue is thus whether the liability of the settling parties was entirely derivative or whether they also had some role in the event that actually caused the injury (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 569 [1987]; *Colozzo v National Ctr. Found., Inc.*, 30 AD3d 251 [2006]). In the present situation, Wells Fargo took legal title to the premises where the accident occurred following a foreclosure sale that predated the accident by some six weeks. While the issue of whether enough time has passed so as to provide the new owner a reasonable opportunity to discover the existence of a defective condition in order to remedy it is generally a triable question of fact (*see Sarfowaa v Claflin Apts.*, 284 AD2d 228 [2001]), the fact remains that numerous violations had already been recorded against the building prior to the date Wells Fargo took possession, and additional violations were lodged before the day of the injured plaintiff's mishap. Under these circumstances, it cannot reasonably be disputed that Wells Fargo had ample opportunity during the six weeks between the time it acquired the premises and the date of the accident to repair the sort of open and obvious defective condition involved herein.

Indeed, there is no evidence that Wells Fargo made any effort to inspect the premises during the operative six-week period; nor was any remedial work ever undertaken. Yet, even assuming that the previous owners could not be divested of liability for the subject defective condition, Wells Fargo did not oppose the motion for summary dismissal by third-party defendant Mortgage Contracting Services, the entity it had retained for the purpose of inspecting and/or repairing the property in question, by contesting the latter's assertion that it was in full compliance with its contractual obligations to Wells Fargo. Wells Fargo may not argue otherwise on appeal (*see Noriega v King,*

15 AD3d 267 [2005]). Specifically, it is barred from contending that Mortgage Contracting had a duty to enter, inspect and report to it about the interior of the premises, that Mortgage Contracting had notice of a dangerous condition in the premises, or that it failed to procure insurance covering Wells Fargo. Inasmuch as Wells Fargo has no viable third-party claims against Mortgage Contracting, the latter's third-party actions have been rendered academic. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Malone, JJ.