# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 16, 2015                    520563
_____

CARL HACKERT et al.,

                    Plaintiffs,

        v

EMMANUEL CONGREGATIONAL
    UNITED CHURCH OF CHRIST,

                    Defendant,

        and

RIVERCREST ENTERPRISES, INC.,

                    Defendant and
                    Third-Party
                    Plaintiff-
                    Respondent-
                    Appellant;

WILSONS CONSTRUCTION, INC,                MEMORANDUM AND ORDER

                    Third-Party
                    Defendant-
                    Respondent,

        and

CLYDE WILSON, Individually and
    Doing Business as WILSONS
    CONSTRUCTION,

                    Third-Party
                    Defendant and
                    Fourth-Party
                    Plaintiff-
                    Appellant-
                    Respondent;

ERIE INSURANCE COMPANY et al.,

                    Fourth-Party
                    Defendants-
                    Respondents-
                    Appellants.

_____

Calendar Date:  June 3, 2015

Before: Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

_____

Flink Smith Law, Albany (Edward B. Flink of counsel), for third-party defendant and fourth-party plaintiff-appellant-respondent.

Kenney Shelton Liptak Nowak, LLP, Buffalo (Jessica L. Foscolo of counsel), for fourth-party defendants-respondents-appellants.

Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Heather S. Lanza of counsel), for defendant and third-party plaintiff-respondent-appellant.

_____

Egan Jr., J.

Cross appeals from an amended order of the Supreme Court (Ferradino, J.), entered April 24, 2014 in Saratoga County, which, among other things, denied a motion by third-party defendant Clyde Wilson for, among other things, summary judgment dismissing the third-party complaint against him.

Defendant Rivercrest Enterprises, Inc. was hired as the general contractor to rebuild a church owned by defendant Emmanuel Congregational Church of Christ and located in the Village of Massena, St. Lawrence County after the church was damaged by a fire sparked by a lightning strike. Rivercrest employed its own workers on the project, who, in turn, were supervised on a daily basis by third-party defendant Clyde Wilson. In addition to the structural damage resulting from the fire, the church's pipe organ was damaged beyond repair, prompting the church to retain the services of Church Organ Sales, Inc. to provide and install a new digital organ for the premises. Plaintiff Carl Hackert, the president and sole

employee of that corporation, hired Darrell Helms, who was performing certain audio and visual work for the church, to install the speaker cables for the new organ.

During the course of the renovations, there was a hole in the flooring of the church that apparently was utilized by Rivercrest employees and various subcontractors to pass building materials from the basement of the church up to the main level of the structure.[1]  Although the hole was covered with a piece of plywood, the plywood was not nailed or screwed into place – again, apparently to facilitate the movement and transfer of building materials.  According to Wilson, although he was not in favor of this practice, he eventually acquiesced and placed Darren Caldwell, one of Rivercrest's employees, in charge of "mak[ing] sure [the] hole was covered every night before he left the church."

On July 15, 2009, Hackert and Helms spent several hours pulling wire and cable through existing conduits for the various organ components.  At approximately 5:30 p.m. that day, Hackert was in the process of measuring wire on the main level of the church.  Although Hackert generally was aware of the existence and location of the hole in the flooring, he had no particular recollection of observing it that day.  As Hackert – still measuring lengths of wire – walked backwards toward the opening, he fell through to the basement level, sustaining serious injuries.

Hackert and his spouse, derivatively, thereafter commenced this Labor Law action against the church and Rivercrest; Rivercrest impleaded Wilson and third-party defendant Wilsons Construction, Inc.[2] and Wilson, in turn, commenced a fourth-party

---

[1]  Apparently the location of the staging area and the layout of the church itself made for difficulties in getting certain materials, such as dimensional lumber, into the actual structure via the doors to the church.

[2]  According to Wilson, although he continues to do business as Wilsons Construction, the corporate entity – Wilsons

action against, among another, Rivercrest's insurance carrier, Eric Insurance Company (hereinafter the carrier).[3] Following joinder of issue, discovery and the settlement of the main action against Rivercrest and the church, Wilson moved for summary judgment dismissing the third-party complaint against him and, additionally, summary judgment in his favor on the fourth-party action – specifically, a declaration that he was an employee of Rivercrest and, as such, was entitled to a defense and indemnification under Rivercrest's policy with its carrier. The carrier cross-moved for summary judgment dismissing the fourth-party complaint, as well as a declaration that it was not required to defend or indemnify Wilson. Rivercrest also cross-moved for summary judgment seeking, among other things, indemnification from Wilson based upon his alleged status as an independent contractor. Finally, Wilson cross-moved for leave to amend his third-party answer. Supreme Court denied the respective motions for summary judgment finding, among other things, a question of fact as to Wilson's employment status and granted Wilson's cross motion to amend his third-party answer. These appeals by Rivercrest, Wilson and the carrier ensued.

We affirm. As for Wilson's and Rivercrest's respective motions for summary judgment relative to Rivercrest's entitlement to common-law indemnification, we agree with Supreme Court that questions of fact preclude an award of such relief to either party. "The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party. Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot

---

Construction, Inc. – no longer is in existence.

[3] Wilson named Erie Insurance Company and Erie Insurance Company of New York as fourth-party defendants, but the brief filed by fourth-party defendants asserts that the subject policy was issued by Erie Insurance Company and, hence, Erie Insurance Company of New York is not a proper fourth-party defendant.

receive the benefit of the doctrine" (Genessee/Wyoming YMCA v Bovis Lend Lease LMB, Inc., 98 AD3d 1242, 1244-1245 [2012] [internal quotation marks and citations omitted]). Accordingly, in order "[t]o establish a claim for common-law indemnification, the party seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability, but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the cause of the accident" (Mikelatos v Theofilaktidis, 105 AD3d 822, 824 [2013]).

Initially, to the extent that Rivercrest contends that Supreme Court erred in finding that a question of fact exists as to Wilson's employment status, we disagree. To be sure, there indeed is evidence in the record – including those portions of Wilson's examination before trial testimony wherein he acknowledged that he was not covered under Rivercrest's workers' compensation and/or unemployment insurance policies and that Rivercrest issued him a 1099 (as opposed to a W-2) form at the end of each year – from which a jury reasonably could conclude that Wilson was, as Rivercrest argues, an independent contractor. That said, there also is evidence in the record – including Wilson's affidavit, wherein he averred that, among other things, he had worked exclusively for Rivercrest from the mid-1990s until July 2012 and that Rivercrest, in addition to paying the premium on his general liability policy, provided him with a company cell phone and a one-week paid vacation – from which a jury could find that Wilson was an employee of Rivercrest. In light of the conflicting proof on this point, Supreme Court did not err in finding a question of fact as to Wilson's employment status.

As to the substance of the indemnification issue, we agree with Supreme Court that neither Rivercrest nor Wilson is entitled to summary judgment, as the record reveals questions of fact as to the role of, among others, Caldwell (the Rivercrest employee allegedly tasked with ensuring that the hole was covered each night) and Wilson in bringing about the injury-producing event. With respect to Rivercrest, the case law makes clear that "where a settling party is at least partially responsible for the plaintiff's damages because of its own negligence, such party may not seek indemnification from other tortfeasors. The critical issue is thus whether the liability of the settling part[y] was

entirely derivative or whether [it] also had some role in the event that actually caused the injury" (Brazell v Wells Fargo Home Mtge., Inc., 42 AD3d 409, 410 [2007] [citations omitted]).

Even assuming, for purposes of Rivercrest's cross motion, that Wilson indeed was an independent contractor, the record contains proof from which a jury reasonably could conclude that Rivercrest — through either Caldwell or its president, Vance Fleury[4] — was affirmatively negligent in allowing the hole in the flooring to remain uncovered. Hence, Rivercrest failed to satisfy the first prong of the indemnification test — namely, establishing that its liability was entirely derivative. As to the second prong of the test, i.e., establishing that Wilson, as the proposed indemnitor, was guilty of some negligence that contributed to Hackert's accident, we agree with Supreme Court that, in light of Wilson's role as the supervisor for the project and responsibility for safety on the job site, questions of fact remain as to whether — despite Wilson's protestations to the contrary — he, too, engaged in wrongdoing. For all of these reasons, Supreme Court correctly denied Rivercrest's cross motion for summary judgment seeking indemnification from Wilson.

We reach a similar conclusion regarding Wilson's motion for summary judgment dismissing Rivercrest's third-party complaint. The proof tendered by Wilson in support of his motion — most notably, his testimony regarding statements allegedly made by Caldwell upon being advised of Hackert's accident — falls short of establishing Rivercrest's negligence as a matter of law. More to the point, and for the reasons previously discussed, it

---

[4] The record contains proof from which it may be inferred that Fleury was on the job site on a frequent basis, during which time Fleury would, among other things, check to ensure that his workers were "using the proper safety" procedures or equipment. As to the hole in the flooring, Fleury testified at his examination before trial that, when the opening was not being used to facilitate the movement of building materials, it not only should have been covered with a piece of plywood but, further, that piece of plywood should have been screwed into place.

remains for a jury to determine whether Wilson was, among other things, solely at fault in bringing about Hackert's injuries.

As for the carrier's cross motion for summary judgment dismissing the fourth-party complaint, the crux of the carrier's argument in this regard is that Wilson is an independent contractor – not an employee of Rivercrest – and, hence, Wilson does not qualify as an insured under the subject policy. To the extent that the carrier's argument relies upon the standard indicia of an employer-employee relationship, as noted previously, the record contains a question of fact as to whether Wilson was an employee of Rivercrest or an independent contractor, and we do not find the carrier's underwriting documents, which list Wilson's Construction as a subcontractor, to be dispositive of this issue. Accordingly, the carrier's cross motion was properly denied.

Finally, we cannot say that Supreme Court abused its discretion in granting Wilson leave to amend his answer to correct what he contends was an inadvertent error in admitting his status as an independent contractor. The record reflects that Wilson's status as an employee or independent contractor was explored at length during the course of Wilson's July 2011 examination before trial and, hence, we reject Rivercrest's claim that it was prejudiced by any delay in this regard. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy and Rose, JJ., concur.

-8- 520563

ORDERED that the amended order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court