Smith v 562 Morris Realty LLC (2019 NY Slip Op 05070)





Smith v 562 Morris Realty LLC


2019 NY Slip Op 05070


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9699 25032/16E

[*1]Ursula Smith, Plaintiff,
v
562 Morris Realty LLC, Defendant-Respondent, 562 Morris Holdings, LLC, Defendant-Appellant.


Wylie Stecklow PLLC, New York (Wylie M. Stecklow of counsel), for appellant.
Clausen Miller P.C., New York (Melinda S. Kollross of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered July 2, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant 562 Morris Realty LLC (Realty) for reargument, and upon reargument, denied the motion of defendant 562 Morris Holdings LLC (Holdings) to dismiss the complaint and all cross claims as against it, unanimously reversed, on the law, with costs, and Holdings' motion to dismiss granted. The Clerk is directed to enter judgment accordingly.
Holdings submitted documentary evidence that it did not own, lease, or otherwise control the premises where plaintiff's accident took place, having sold it over one month earlier to Realty, thereby refuting the factual allegations in the complaint, and conclusively disposing of plaintiff's claim as against it (see Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 60 [1st Dept 2006]; Mullen v Zoebe, Inc., 205 AD2d 597 [2d Dept 1994]). Furthermore, the documents regarding the holdover proceeding and stipulation entered clearly demonstrated that defendant Realty was on notice of the illegally installed washing machine in the apartment directly above plaintiff's. In opposition, Realty failed to establish that it had insufficient time to remedy the condition, and proffered no evidence of any efforts to investigate or cure, in support of its claim that Holdings could be liable pursuant to a prior owner exception (see Bittrolff v Ho's Dev. Corp., 77 NY2d 896 [1991]; Brazell v Wells Fargo Home Mtge., Inc., 42 AD3d 409, 410-411 [1st Dept 2007]; cf. Sarfowaa v Claflin Apts., 284 AD2d 228 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK