## Children's Aid Socy. v Integrated Aquatics Engg., Inc.

2024 NY Slip Op 33763(U)

October 21, 2024

Supreme Court, New York County

Docket Number: Index No. 652427/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART **11M**

---------------------------------------------------------------------------X

THE CHILDREN'S AID SOCIETY,

Plaintiff,

- v -

INTEGRATED AQUATICS ENGINEERING, INC.,CONCEPT CONSTRUCTION SERVICES, INC.,

Defendant.

---------------------------------------------------------------------------X

CONCEPT CONSTRUCTION SERVICES, INC.

Plaintiff,

-against-

ALLSTATE TECHNOLOGY, INC., PADDOCK POOL EQUIPMENT COMPANY, INC.

Defendant.

---------------------------------------------------------------------------X

CONCEPT CONSTRUCTION SERVICES, INC.

Plaintiff,

-against-

BRADFORD PRODUCTS, LLC, ABOUT THE WORK, LLC

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652427/2023 |
| MOTION DATE | 06/24/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595737/2023

Second Third-Party
Index No. 595005/2024

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for _____DISMISSAL_____.

This action arises out of allegations of a defective design and construction of a swimming pool. Defendant/third-party plaintiff/second third-party plaintiff, Concept Construction Services, Inc. ("Concept"), commenced a second third-party action alleging negligence and seeking

**652427/2023   THE CHILDREN'S AID SOCIETY vs. INTEGRATED AQUATICS ENGINEERING, INC. ET AL
Motion No.  002**

**Page 1 of 5**

common law indemnification, and contribution. Second third-party defendant, About the Work LLC's ("ATW"), moves to dismiss the third-party complaint pursuant to CPLR § 3211(a)(1) and (a)(7) with prejudice and seeks costs pursuant to 22 N.Y.C.R.R. §130-1.1(a) and CPLR § 8303-a. For the reasons set forth below, ATW's motion is granted.

Background

ATW was retained by plaintiff, Children's Aid Society, pursuant to a Consultant Agreement. The agreement provided that ATW was to be plaintiff's representative throughout the construction project. Plaintiff contracted with defendant Integrated Aquatics Engineering Inc. to design the renovated Milbank Pool then hired Concept as the general contractor to construct the pool. It is undisputed and not alleged otherwise, that ATW did not perform, supervise or control the means and methods of the work performed.

Plaintiff initiated the instant action alleging that there were numerous construction delays, and the defendants were negligent in their design and construction.

Standard of Review

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268 [2014].

Under CPLR § 3211(a)(1) documentary evidence provides a basis for dismissing a cause of action "where the documentary evidence utterly refutes plaintiff's factual allegations,

**652427/2023 THE CHILDREN'S AID SOCIETY vs. INTEGRATED AQUATICS ENGINEERING, INC. Page 2 of 5 ET AL**
**Motion No. 002**

2 of 5

conclusively establishing a defense as a matter of law." *Goshen v Mutual Life Ins. Co. of NY*, 98 NY2d 314, 326 [2002].

Discussion

The Court finds that ATW has established entitlement to dismissal of the third-party complaint. Concept has failed to in the first instance to sufficiently plead a cause of action as against ATW and in opposition to the motion has further failed to submit an affidavit or any additional allegations or factual support to supplement its pleadings.

Preliminarily, the third-party complaint fails to plead the necessary elements of a negligence claim. To make out a negligence claim, a plaintiff must plead "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." (*Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 221 [1st Dept 2007] [internal quotation marks]).

It is well established that the predicate to common-law indemnity is vicarious liability based on another's negligence (*Mas v Two Bridges Assocs.*, 75 NY2d 680, 690 [1990]; *17 Vista Fee Assocs. v Teachers Ins. & Annuity Ass'n of Am.*, 259 AD2d 75, 80 [1st Dept 1999].) A party seeking indemnity must establish it was not negligent and "that the proposed indemnitor was guilty of some negligence" (*Hackert v Emmanuel Cong. United Church of Christ*, 130 AD3d 1292, 1295 [3d Dept 2015] internal citations omitted).

Similarly, as to the claims for common law indemnification and contribution, the second third-party complaint fails to sufficiently put ATW on notice of any factual basis to sustain the causes of action asserted. The Court notes that the third-party complaint is devoid of any factual allegations and notwithstanding that deficiency, Concept does not explain how any allegations of its alleged negligent construction is a bar to this cause of action or how it could have possibly

**652427/2023 THE CHILDREN'S AID SOCIETY vs. INTEGRATED AQUATICS ENGINEERING, INC. ET AL**
**Motion No. 002**

**Page 3 of 5**

3 of 5

been caused, even in part, by a party it was contracted to indemnify. During oral argument, Concept argued that the allegations in the complaint were adopted and thus are deemed to be included in the third-party complaint as against ATW, however the Court does not see how that satisfies its pleading requirements.

While in opposition to the motion to dismiss, Concept argues that discovery is necessary to determine what failures, if any, ATW had or caused as the owner's representative, those arguments are speculative, at best, and insufficient to defeat the instant motion.

As to the portion of the motion that seeks costs, the Court finds that ATW has established entitlement to that relief. The relationship of the parties, ATW being a representative of the plaintiff, the contractual relationship in which Concept is required to indemnify ATW and the lack of any legal cognizable arguments and factual allegations to support the causes of action in the second third-party complaint, warrant second third-party defendant an award of costs. Accordingly, it is hereby

ORDERED that the second third-party defendant's, ABOUT THE WORK, LLC, motion to dismiss the second third-party complaint is granted, and the second third-party complaint as against ABOUT THE WORK, LLC. is dismissed; and it is further

ORDERED that the reminder of the action is severed and continues; and it is further

ORDERED that second-third party defendant's motion for costs is granted and LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A., counsel for the plaintiff, shall, without charge to their client, reimburse second-third party defendant for actual expenses reasonably incurred and reasonable counsel fees in the total amount to be determined upon the submission by second third-party defense counsel within 30 days of the date of this order, second third-party plaintiff may submit opposition to the costs within 7 days of such submission.

**652427/2023  THE CHILDREN'S AID SOCIETY vs. INTEGRATED AQUATICS ENGINEERING, INC.**          **Page 4 of 5**
**ET AL**
**Motion No.  002**

4 of 5

20241021125823LFRANKE07C0.C02CC14B0A8DDF797277863068

__10/21/2024__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

__652427/2023   THE CHILDREN'S AID SOCIETY vs. INTEGRATED AQUATICS ENGINEERING, INC.__          __Page 5 of 5__
__ET AL__
__Motion No.  002__

5 of 5